Commonwealth of Pennsylvania *v.* Matthias H. Henderson, Executor of Branton H. Henderson, Deceased, Appellant.

*Decedents' estates—Collateral inheritance tax—Adoption—Act of March* 14, 1873.

The act of March 14, 1873, P. L. 290, entitled " An act to confer upon Matthias .H. Henderson, all the rights, powers and privileges of a son of Branton H. Henderson," gives sufficient notice in its title of the provision in the second section that whatever estate Matthias should take from Branton should be " subject only to such tax as would be payable if the said Matthias were the son of the said Branton H. Henderson."

The act of March 14, 1873, was passed at a time when uniformity of taxation was not required by the constitution ; hence the act is constitutional, and relieves Matthias H. Henderson from the collateral inheritance tax on the property devised and bequeathed to him by Branton H. Henderson.

Argued Oct. 17, 1895.   Appeal, No. 242, Oct. T., 1895, by Matthias H. Henderson, executor of Branton H. Henderson, deceased, from decree of O. C. Mercer Co., Sept. T., 1894, No. 57 1–2, on case stated.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

The case stated was as follows :
That Branton H. Henderson, late of the borough of Sharon

Mercer county, died March 1, 1894, having first made his will which has been duly probated and is recorded in will book , page , a true copy of which is to said appeal attached and made a part thereof, wherein and whereby he devised and bequeathed all of his estate, real and personal, to the said Matthias H. Henderson, his nephew.

That the said testator devised and bequeathed to said Matthias H. Henderson real property appraised at $33,250 and personal property consisting of money, bills, stocks, ground rents, bonds, horses, cows, vehicles, etc., appraised at $140,088.76, in all $173,338.76.

That the said Matthias H. Henderson is a nephew of the said testator, born November 23, 1845. That on the 14th day of March, 1873, the general assembly of the commonwealth passed the following act: "An act to confer upon Matthias H. Henderson all the rights, powers and privileges of a son of Branton H. Henderson.

" Whereas, Branton H. Henderson, of Sharon, in the county of Mercer, Pennsylvania, is desirous of having conferred upon his nephew, Matthias H. Henderson, of the same place, who is aged 27 years, all such rights, powers and privileges as the said Matthias would be entitled to if he were the son of the said Branton H. Henderson.

"Section I. Be it enacted, etc., that upon Matthias H. Henderson, of Sharon, in the county of Mercer, is hereby conferred the same rights, powers and privileges which he would have, enjoy and possess if he were the son of Branton H. Henderson.

"Section II. All the estate of the said Branton H. Henderson which he may bequeath or devise to the said Matthias H. Henderson or which the said Matthias shall receive, take or inherit from the said Branton H. Henderson shall be subject only to such tax as would be payable if the said Matthias were the son of the said Branton H. Henderson." P. L. 290. Approved the 14th day of March, A. D. 1873.

It is also agreed that the enrollment tax due on the passage of the above act was paid by Henderson on March 15, 1873.

If the court be of the opinion that the estate devised or bequeathed to said Matthias H. Henderson is subject under the law to the payment of collateral inheritance tax, then judgment to be entered for the plaintiff, for the sum of $8,666.93, but if

not then judgment to be entered for the defendant.  Each party reserves the right to appeal from the judgment entered herein.

The court, in an opinion by MILLER, P. J., entered judgment in favor of plaintiff for the sum of $8,666.93.  Defendant appealed.

*Error assigned* was decree as above.

*D. B. Kurtz, Thomas Tanner* and *J. P. Whitla* with him, for appellant.—The legislature intended to place the appellant in the same place that he would occupy with all the privileges which would inhere in him, if he were a son in fact : McCool v. Smith, 66 U. S. 459, Com. v. Butler, 99 Pa. 535; act of March 14, 1873, P. L. 290.

The title of the act of 1873 is sufficient : Clearfield County v. Cameron Twp. School Dist., 136 Pa. 86; Blood v. Mercelliott, 53 Pa. 391; Yeager v. Weaver, 64 Pa. 425; Cronise v. Cronise, 54 Pa. 255; Taggart v. Com., 102 Pa. 354; Washington Borough v. McGeorge, 146 Pa. 248; Allegheny County Home's App., 77 Pa. 77; Com. v. Green, 58 Pa. 226; State Line & Juniata R. R. Co.'s App., 77 Pa. 429; Monongahela Nav. Co. v. Coon, 6 W. & S. 114; Com. v. Sellers, 130 Pa. 32; Wheeler v. Phila., 77 Pa. 338; Millvale Boro. v. Evergreen Ry. Co., 131 Pa. 1; Kelley v. Mayberry Twp., 154 Pa. 440; Carothers v. Phila. Co., 118 Pa. 468; act of March 14, 1873, P. L. 290; Rodgers v. Imp. Co., 109 Pa. 109; Sewickley Borough v. Sholes, 118 Pa. 165; Road in Phœnixville, 109 Pa. 44; Dorsey's App., 72 Pa. 192.

All the presumptions are in favor of the constitutionality of an act of assembly : Craig v. First Presbyterian Church, 88 Pa. 42; Sharpless v. Mayor of Philadelphia, 21 Pa. 147.

The court below attempts to draw a parallel between this statute and those mentioned in Wayne's Estate, Naucrede v. Com., Tharp v. Com., Packard's Appeal, and the general adoption act of May 4, 1855.  An examination of those statutes will disclose that they are all merely statutes of adoption and nothing more.  They confer only the right to inherit, without saying how, or subject to what burdens.  They are therefore not applicable to this case.

*S. R. Mason, H. H. Zeigler* with him, for appellee.—We cannot suppose that our law of adoption was intended to change in any respect the law relating to collateral inheritance taxes. It is property devised or descending to children and lineal descendants that is exempt from the tax. If the heirs of devisees are so in fact they are exempt; all others are subject to the tax : Nancrede v. Com., 32 Pa. 389; Packard's App., 37 Leg. Int. 135.

The term tax in the act is used in its ordinary acceptation, and cannot be enlarged by ingenious argument to embrace a class of cases that are not properly taxed.

The right to inherit from the adopting parents is made complete, but the identity of the child is not changed : Com. v. Nancrede, 32 Pa. 389.

The court below decided this case in favor of the appellees on the ground that the act of March 14, 1873, P. L. 290, was unconstitutional ; that it offended against article XI. sec. 8 of the constitution of 1838 and the amendment thereto adopted in 1864, which declares, " No bill shall be passed by the legislature containing more than one subject, which shall be clearly expressed in the title, except appropriation bills." In this we submit there was no error.

The title to an act should be so certain as not to mislead : Hatfield v. Com., 120 Pa. 395; Com. v. Frantz, 135 Pa. 389; Philadelphia v. Ridge Ave. Ry., 142 Pa. 484; Com. v. Samuels, 163 Pa. 283; Com. v. Severn, 164 Pa. 462.

OPINION BY MR. CHIEF JUSTICE STERRETT, Nov. 8, 1895 :

Analysis of the act of March 14, 1873, fails to show any real lack of unity in its subject-matter. The " one subject " which it contains relates to the status of M. H. Henderson as a son of Branton H. Henderson. " The rights, powers and privileges" which the title of the act proposes, and the first section confers, are intended to be descriptive of the attributes of a son in fact— the right to inherit and the powers and privileges incidental to its enjoyment. The second section expresses what had already been implied. In our as in the Roman jurisprudence, a privilege means the exemption of a person or class of persons from the operation of any law : Cent. Dictionary. Thus it is settled that the right of a debtor or widow to exemption is a personal

privilege. The right of a son in fact to exemption from any species of taxation, which is equally a privilege, was implied in the title and first section and expressed in the second section of this act as being the " one subject " of grant. The grant of all the privileges of a son necessarily included this privilege of exemption; and its specification in the second section of the act is therefore germane to the subject; and those who read the title to the act must be presumed to have had notice of the purpose to confer it: Phila. v. Railway Co., 142 Pa. 484. The act was clearly within the amendment of 1864.

When the act of 1873 was passed uniformity of taxation was not required by the constitution; and hence the legislature, which had the power to impose, could exempt individuals from liability for taxes on inheritance. "The right of inheritance at all is, so far as the administration of justice is concerned, purely statutory; and one of the results from the power to grant this right is that the legislature may prescribe the terms of taking:" Burroughs on Taxation, sec. 81. No intent is shown in the act of 1873 to charge collateral inheritance tax on M. H. Henderson; on the contrary he was not only given "all the rights, powers and privileges" of a class which, at the time of grant, was exempt from its payment, but it was expressly declared that such estates as he should take by virtue of the act should be subject only to such tax as would be payable by that class. The purpose to exempt is so clearly expressed as to leave no doubt. This feature distinguishes the present from that class of cases in which there has been a grant of the right to inheritance simply. As was said by this court in Com. v. Nancrede, 32 Pa. 389, " Giving an adopted son a right to inherit, does not make him a son in fact. And he is so regarded in law, only to give the right to inherit, and not to change the collateral inheritance tax law." But here there was a necessary implication of exemption, and therefore Matthias H. Henderson took the estate which he received from Branton H. Henderson exempt from the payment of collateral inheritance tax.

Judgment reversed and judgment is now entered for the defendant, in accordance with the terms of the case stated.