STATE OF TEXAS EX REL. W. B. WALTON, TAX COLLECTOR, CAMERON COUNTY, v. DANIEL YTURRIA ET AL.

No. 2993.   Decided June 28, 1918.

**1.—Adoption—Status of Child.**

Our statute on adoption (Rev. Stats., art. 2), confers upon the person adopted the status of a legal heir, but does not confer on him the status of a natural child, nor constitute him the child, nor his children the grandchildren, nor either direct lineal descendants of the person adopting him.   (Pp. 225, 226.)

**2.—Same.**

Adoption being unknown to the common law and the rights conferred by our statute not being identical with those given by adoption under the Civil Law, such rights are limited to those specified in the statute, that is, those of inheritance.   (Pp. 224, 225.)

**3.—Same—Words Defined.**

"Lineal" means in the line of succession through lineage.   "Direct" means in the line of descent.   "Descendant" means one who descends as offspring, however remotely.   All carry the concept of offspring in the line of generation.   (P. 226.)

**4.—Same.**

The words "child," "children," and "their descendants," do not include an adopted heir.   Harle v. Harle, 109 Texas, ante; White v. Holman, 25 Texas Civ. App., 152, followed.   (P. 226.)

**5.—Adoption—Will—Inheritance Tax.**

Adopted heirs, having the same rights and privileges by inheritance as offspring, took the estate of the adopter bequeathed to them by his will free from liability to the State for inheritance tax.   But children of such heirs, not being "direct lineal descendants of the testator," within the meaning of article 7487, Rev. Stats., were liable to the State for an inheritance tax upon property bequeathed to them by such testator.   (Pp. 226, 227.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Cameron County.

The action was by the State, on relation of Walton as tax collector, against Daniel Yturria and others, to recover the inheritance tax on

property devised to them by Francisco Yturria. Judgment was for all the defendants. The State appealed, and obtained writ of error on affirmance.

*A. M. Kent,* County Attorney, and *Herbert Davenport,*. for plaintiff in error.—The court erred in concluding, as a matter of law, from the facts as found by it, that the adopted heirs of Francisco Yturria, and their children, taking by will are "direct lineal descendants" of Francisco Yturria within the meaning of that term as used in the exemption clause of the Texas inheritance tax statute. Art. 7487, Rev. Stats. of Texas; arts. 1 and 2, Rev. Stats. of Texas.

Texas cases in which effect of adoption Act of 1850 is discussed: Eckford v. Knox, 67 Texas, 200; Taylor v. Deseve, 81 Texas, 246; Logan v. Lennix, 88 S. W., 364; Harle v. Harle, 166 S. W., 674; White v. Holman, 25 Texas Civ. App., 152, 60 S. W., 437; Masterson v. Harris, 107 Texas, 73, 174 S. W., 570; Masterson v. Harris, 179 S. W., 284; Melville v. Wickham, 169 S. W., 1123. Texas cases in which adoption generally is discussed, but not effect of Texas statute: Clark v. West, 96 Texas, 437; Jordan v. Abney, 97 Texas, 296; State ex rel. Wood v. Deaton, 93 Texas, 243; Legate v. Legate, 87 Texas, 248; Powell v. Ott, 146 S. W., 1019; White v. Richardson, 94 S. W., 202; McColpin v. McColpin's Est., 75 S. W., 824.

Cases construing the collateral inheritance tax statute of Pennsylvania (in which the exemption is in favor of "children and lineal descendants born in lawful wedlock"): Commonwealth v. Ferguson, 137 Pa., 595, 20 Atl., 870, 10 L. R. A., 240; Commonwealth v. Nancrede, 32 Pa., 389; Tharp v. Commonwealth, 58 Pa., 500; Commonwealth v. Henderson, 172 Pa., 135; Mason v. Ammon, 117 Pa., 127.

Case construing the Federal inheritance tax statute in which "lineal issue, lineal ancestors, brothers and sisters" are placed in one class and "strangers in blood" in another class for purposes of graduating the inheritance tax: Kerr v. Goldsborough, 150 Fed., 289.

Cases construing New York collateral inheritance tax, law of 1885, with reference to adopted children: Estate of Miller, 110 N. Y., 216; Estate of Thompson, 14 N. Y. St. R., 487; In re Miller, 5 Demarest, Sur. (N. Y.), 132; Warrimer v. People, 6 Demarest, Sur. (N. Y.), 211; Estate of Cobb, 36 N. Y. Supp., 448, 14 Misc. R., 409; Estate of Farley, 15 N. Y. St. Rep., 727; In re Seaver, 63 App. Div., 283, 71 N. Y. Supp., 544.

Cases construing New York collateral inheritance tax law of 1887: Estate of Duryea, 112 N. Y. Supp., 611, 128 App. Div., 205; Estate of Cook, 187 N. Y., 253, 79 N. E., 911.

Case construing Louisiana statute, which classifies those taking estates by inheritance into "ascendants," "collaterals," "descendants" and "strangers to the estate": Succession of Frigalo, 123 La., 71, 48 So., 652.

Case construing California statute, which contains an exemption in

favor of "child or children adopted as such under the laws of the State of California": Estate of Winchester, 140 Cal., 468, 74 Pac., 10.

Case construing Maine adoption statute: Warren v. Prescott, 84 Me., 483, 24 Atl., 948; 17 L. R. A., 435, 30 Am. St. Rep., 370. Case construing Missouri adoption statute: Moran v. Stewart, 122 Mo., 295, 26 S. W., 962.

*R. B. Creager* and *F. W. Seabury (Denman, Franklin & McGown* of counsel), for defendants in error.—The relation created by statutory adoption is a status, and is not a personal or contractual relation. Rev. Stats. of 1911, arts. 1 and 2; Rev. Stats. of 1911, art. 2463; Harle v. Harle (Texas Civ.), 166 S. W., 679; Eckford v. Knox, 67 Texas, 204; McColpin v. McColpin's Est., 77 S. W., 238; Logan v. Lennix, 40 Texas Civ. App., 62, 88 S. W., 364; Gray v. Holmes, 57 Kan., 217, 45 Pac., 596; Power v. Hafley, 85 Ky., 671, 4 S. W., 683; Ross v. Ross, 129 Mass., 243, 37 Am. Rep., 321; Finley v. Brown (Tenn.), 25 L. R. A. (N. S.), 1285, 123 S. W., 359; 1 Corpus Juris, p. 1370; case note to 25 L. R. A. (N. S.), 1285.

The status created by the statutory adoption is that of a legitimate child so far as concerns the right of inheritance, and all privileges pertaining thereto, subject to the statutory limitations. Constitution of Texas, art. 3, sec. 56; Rev. Stats., arts. 1, 2 and 2463; Eckford v. Knox, 67 Texas, 200; Taylor v. Deseve, 81 Texas, 249; Harle v. Harle, 166 S. W., 677-679; White v. Holman, 25 Texas Civ. App., 155, 60 S. W., 438; Logan v. Lennix, 40 Texas Civ. App., 62, 88 S. W., 364; Hartwell v. Tefft, 19 R. I., 644, 35 Atl., 882; Power v. Hafley, 85 Ky., 671, 4 S. W., 683; Thomas v. Maloney, 142 Mo. App., 193, 126 S. W., 522; Bernero v. Goodwin (Mo.), not officially reported; Warren v. Prescott, 84 Me., 483, 24 Atl., 948, 17 L. R. A., 435; Ryan v. Foreman, 181 Ill. App., 262; In re Herrick's Estate, 124 Minn., 85, 144 N. W., 455.

The adoption statute, like the legitimation statute, operates as an enlargement, and to that extent a definition of the words "children and their descendants" contained in the statutes of descent and distribution. Harle v. Harle (Texas Civ.), 166 S. W., 674, 679; Eckford v. Knox, 67 Texas, 200; Fosburgh v. Rogers, 114 Mo., 122; Moran v. Stewart, 122 Mo., 295; Bernero v. Goodwin (Mo.), not officially reported; Power v. Hafley, 85 Ky., 671, 4 S. W., 683; Gray v. Holmes, 57 Kan., 217, 45 Pac., 596; Pace v. Klink, 51 Ga., 220; In re Newman's Estate, 75 Cal., 219, 16 Pac., 887; In re Estate of Winchester, 140 Cal., 468, 74 Pac., 10; In re Webb's Estate (Pa.), 95 Atl., 419; In re Walworth's Estate, 85 Vt., 322; 1 R. C. L., 614; 1 C. J., 1402.

The classification of persons, set out in the inheritance tax law for the purpose of determining the incidence and amount of the tax, is based on their relative heritable status and not on their relative degree of relationship by blood or marriage. Inheritance Tax Law, Rev. Stats., art. 7487; Statutes of Descent, Rev. Stats., arts. 2461, 2462 and 2469.

The classification of persons set out in the inheritance tax law, based

as indicated on their relative heritable status, was made solely for the purpose of determining the incidence and amount of the tax, and is wholly unaffected by the manner in which the estate passed to them, whether by testate or intestate succession, donation causa mortis or otherwise.    Inheritance Tax Law, Rev. Stats., art. 7487; In re Winchester Estate, 140 Cal., 468, 74 Pac., 10; 37 Cyc., p. 1565.

The term "direct lineal descendants," as used in the inheritance tax law, must be given the same meaning as the corresponding term "children and their descendants," as used in the statutes of descent and distribution, and therefore includes adopted children and their descendants. Eckford v. Knox, 67 Texas, 204; Harle v. Harle, 166 S. W., 679.

The inheritance tax law having been passed after Eckford v. Knox and subsequent cases had firmly fixed the heritable status of adopted persons as children, it will be presumed that the Legislature in exempting children, without express words of exclusion, intended to include adopted children in the exemption.    Cooper v. Yoakum, 91 Texas, 391; Bonner v. Hearne, 75 Texas, 242, 252; Overstreet v. Manning, 67 Texas, 657; Rowe v. Spencer, 70 Texas, 78, 79; 36 Cyc., 1142-1144; 36 Cyc., 1146-1150.

It will not be presumed, in the absence of a plain showing to the contrary, that the Legislature intended, in enacting the inheritance tax law, to discriminate against adopted children, and to reverse the long established policy of this State in regard to adoptions.    Rev. Stats., arts. 1 and 2; Rev. Stats., art. 2463; Rev. Stats., arts. 3-8; Eckford v. Knox, 67 Texas, 204; Dallas County v. Club Land & Cattle Co., 95 Texas, 200, 207; Houston & T. C. Ry. Co. v. State of Texas, 95 Texas, 507; Anderson v. Neighbors, 94 Texas, 236, 242.

To tax adopted children on their inheritance from the adoptive parent is to deny them "the privileges of legal heirs" that are given them by the adoption statute; and it will not be presumed that the Legislature intended, by pure implication, to amend the statute of adoption in so important a respect.    Repeal or partial repeal, by implication not favored: Hanrick v. Hanrick, 54 Texas, 101, 109; Neil v. Keese, 5 Texas, 23, 33; Jessee v. DeShong, 105 S. W., 1011, 1014; Herndon v. Reed, 82 Texas, 647, 650.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This case presents two questions, viz:

First.    Was property within this State subject to an inheritance tax, under article 7487, Revised Statutes, upon passing by will to persons adopted by the testator?

Second.    Was property within this State subject to said tax, under said article, upon passing by will to children of persons adopted by the testator?

The facts show that Francisco Yturria died, without issue of his body, on June 15, 1912, having his domicile in Cameron County, Texas and

leaving a will, duly probated in said county, whereby he devised all of his property as follows:

To his surviving wife, Felicitas Trevino de Yturria, an estate for her life in one undivided half of same.

To Daniel Yturria, who was duly adopted under the laws of Texas on January 8, 1897, by Francisco Yturria and Felicitas Trevino de Yturria his wife an estate for the term of the life of Daniel Yturria in an undivided one-fourth of same.

To Ysabel Garcia, who was duly adopted under the laws of Texas on January 8, 1897, by Francisco Yturria and Felicitas Trevino de Yturria, his wife, an estate for the term of the life of Ysabel Garcia in an undivided one-fourth of same.

To Hermino Yturria and Fausto Yturria, children of said Daniel Yturria, the remainder of the property devised for his life to Daniel Yturria.

To Miguel Francisco Garcia, Juan Antonio Garcia, Jose Alejandro Garcia, and Maria del Rosario Garcia, children of said Ysabel Garcia, the remainder of the property devised for her life to Ysabel Garcia.

To the above named children of Daniel Yturria and Ysabel Garcia, the remainder of the property devised for her life to Felicitas Trevino de Yturria.

It was also shown that if the property devised to the children of the persons adopted by Francisco Yturria was subject to the inheritance tax, then $4003.11, with 6 per cent per annum interest from June 15, 1912, would be the amount of the tax on the property in Texas devised to each of the defendants in error, Hermino Yturria and Fausto Yturria, and $2450.85, with 6 per cent per annum interest from June 15, 1912, would be the amount of the tax on the property in Texas devised to each of the defendants in error, Miguel Francisco Garcia, Juan Antonio Garcia, Jose Alejandro Garcia and Maria del Rosario Garcia.

In so far as it applies to the questions presented by this record, article 7487, Revised Statutes, subjects to a tax all property, within the juris-diction of the State, upon its passing by will or by descent to or for the use of any person, "except the father, mother, wife or direct lineal descendants of the testator."

The contention for defendants in error is that our adoption statute gives to adopted persons and their legitimate children the status of natural children and grandchildren of the adopter, and, that hence adopted persons and the legitimate children of adopted persons come within the meaning of the term "direct lineal descendants" as used in article 7487, Revised Statutes.

As has often been stated, adoption was unknown to the common law but was recognized from the earliest days in the jurisprudence of the civil law. Under the civil law, adoption created the relationship of parent and child, with the resultant rights and duties. Had our statute declared the effect of adoption to be what it was under the civil law, or had it been silent with respect to such effect, after merely providing

for adoption, the conclusion would seem correct that adopted persons and their children should be given the same legal status as natural children and grandchildren. Our statute, however, defines with precision the rights and privileges to which a party shall be entitled by virtue of adoption. These rights and privileges are, under article 2, Revised Statutes, "all the rights and privileges, both. in law and equity of a legal heir of the party so adopting him; provided, however, that if the party adopting such heir have at the time of such adoption, or shall thereafter have, a child begotten in lawful wedlock, such adopted heir shall in no case inherit more than one-fourth of the estate of the party adopting him." The opinion of Chief Justice Willie in Eckford v. Knox, 67 Texas, 202, 203, 28 S. W., 372, leaves little basis for controversy as to what are "all the rights and privileges, both in law and equity of a legal heir" of the adopter. In that opinion it is declared: "When the statute says that one person may adopt another as his heir, and that the latter thereupon becomes entitled to all the rights and privileges of a legal heir of the party so adopting him, it means that, upon the death of the adopting party the other shall, if living, become entitled to an interest in all his property of which he shall die intestate, and shall not be wholly excluded by any class of persons whatsoever. . . . Aware that the effect of the law was to give him a child's share of the property, the Legislature confined his inheritance under certain circumstances to one-fourth of the estate, thereby saying that in all other respects he should be entitled to all the rights and privileges of a child so far as the inheritance is concerned." 67 Texas, 202, 204. The quoted language plainly rejects the civil law rule "that the person adopted stood not only himself in relation of child to him adopting but his children become grandchildren of such person," as announced in the leading case of Vidal v. Commagere, 13 La. Ann., 516, and interprets our statute as substituting therefor the rule that the adopted person shall acquire only rights and privileges in the inheritance, that is, in that which passes from the adopter, upon his death, and, as to such inheritance, the rights and privileges of the adopted person are made the same as would be those of a natural child, save as restricted by the closing proviso of article 2. That the statute thus wrought an important modification of the civil law is expressly pointed out by Chief Justice Willie. 67 Texas, 204.

It is clear to our minds that had the legislative intent been otherwise than as interpreted in Eckford v. Knox, we would not find in our adoption statute such deliberate avoidance of the word "child" nor such discriminating use of the term "legal heir."

On the authority of Eckford v. Knox it was determined in Taylor v. Deseve, 81 Texas, 249, 16 S. W., 1008, that adoption in Texas did not have the same effect as paternity and filiation, and did not make the adopted person a constituent of the family of the adopter.

The case of Cochran v. Cochran, 43 Texas Civ. App. 259, 95 S. W.,

732, presented the question as to whether a person died without "lawful children," within the meaning of a will, when he died leaving one whom he had adopted surviving him but leaving no natural children, and it was held that the party adopted was not a lawful child, the court saying that "an adopted heir is not in fact the child of the person adopting him."

Adhering to the decisions cited, we conclude that in this State neither an adopted person nor a child of an adopted person is a "direct lineal descendant" of the adopter.

No other conclusion could be reached without disapproving Eckford v. Knox and without disregard of the established rule requiring us to give to words in common use, when found in a statute, the sense in which they are ordinarily used. Texas & P. Ry. Co. v. Railroad Commission of Texas, 105 Texas, 393. Given ordinary significance, as shown by Webster's Dictionary, direct means "in the line of descent," lineal means "in the line of succession through lineage," and descendant means "one who descends as offspring however remotely"; and hence as each of these three nearly synonymous words carries the concept of offspring in the line of generation their combined use precludes our declaring others than natural offspring to be within the class of direct lineal descendants.

Section 2 of article 2462, Revised Statutes, formerly article 1689, was held to govern the distribution of the estate of one who died leaving surviving him both a widow and also one whom he had adopted, section 2 reading: "If the deceased have no child or children, or their descendants, then the surviving husband or wife shall be entitled to all the personal estate, and to one-half of the lands of the intestate, without remainder to any person, and the other half shall pass and be inherited according to the rules of descent and distribution." White v. Holman, 25 Texas Civ. App., 152, 60 S. W., 438. Although the adopted person, whose rights were discussed in that case, would seem to have been really entitled to the half of the land awarded her not under section 2 of former article 1689, but under a correct construction of article 2469, then article 1696, and the adoption statute, as announced in Eckford v. Knox, because the land in controversy belonged to the community estate of the adopter and his widow, nevertheless the opinion in White v. Holman shows that the court interpreted the words "child," "children," and "their descendants" as not including an adopted heir. That interpretation of these words as used throughout our statutes of descent, is believed to be sound. Having set out our reasons for this conclusion in an opinion filed today, reversing the contrary holding of the Court of Civil Appeals, in the case of Harle v. Harle, 166 S. W., 674, it is not necessary to repeat them. When an adopted person acquires property by descent from his adopter, it is not because he is a child of the adopter but it is because the adoption statute puts him in the position of a child with respect to the inheritance.

While neither those adopted by Daniel Yturria nor their children

were his direct lineal descendants, yet, as already pointed out, those adopted by him became entitled to the same rights and privileges as children, with respect to that which passed to them, upon his death, without issue of his body.

The exemption of property passing to certain specified classes from the payment of an inheritance tax and from the lien securing same, under our statutes, clearly confers on such classes a privilege. For "the term privilege includes in its ordinary definition an exemption from such burthens as others are subject to, as the privilege of being exempt from arrest or from taxation." State v. Betts, 24 N. J. L., 557.

The Supreme Court of Pennsylvania decided in the case of Commonwealth v. Henderson, 172 Pa., 135, that the title to an Act entitled an Act to confer upon a party the privileges of a son gave notice of the purpose to confer on the party exemption from payment of any further inheritance tax than would be payable by a natural son, for the reason that "the grant of all the privileges of a son necessarily included this privilege of exemption."

As it was the privilege of a child of Daniel Yturria, under article 7487, to have property within the jurisdiction of this State pass to him, by will or descent, without payment of an inheritance tax, and as the persons adopted by Daniel Yturria were entitled, by the plain terms of article 2 to the same privilege, it follows that Daniel Yturria and Ysabel Garcia were privileged to take the property devised to them by their adopter, without payment of the inheritance tax, and the judgments of the trial court and of the Court of Civil Appeals were correct with regard to the devises to them. But we do not feel warranted in extending to others the rights and privileges, which are confined by the adoption statute to the adopted persons, and therefore conclude that the property devised to the children of the persons adopted by Francisco Yturria was subject to the payment of the inheritance tax.

The judgments of the Court of Civil Appeals and the District Court are accordingly reversed. It is ordered that judgment be entered denying plaintiff in error, the State of Texas, any recovery as to the taxes sued for on the property devised to Daniel Yturria and Ysabel Garcia, adopted children of the testator, Francisco Yturria, and that judgment be entered in favor of the plaintiff in error, the State of Texas, against the executor and the respective devisees for the amounts of inheritance taxes and interest, shown above, on the property in Texas devised by the will of Francisco Yturria to the children hereinbefore named of Daniel Yturria and Ysabel Garcia, with foreclosure of the lien securing said amounts.

*Reversed, reformed and rendered.*