

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 18, 1963

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. C-100

Re: Proper classification
for inheritance tax
purposes of adopted
children of an adopted
daughter of the dece-
dent.

Dear Mr. Calvert:

We quote the following excerpt from your letter requesting the opinion of this office on the above captioned matter:

> "We desire the opinion of your office with respect to the proper classification for inheritance tax purposes of the adopted children of an adopted daughter of a decedent.
>
> "B. G. Lindsey died testate a resident of Jasper County, Texas, on December 29, 1961, and under his last will and testament he devised the entire estate with the exception of some small special bequests, a life estate to his wife, Mrs. Mattie E. Lindsey, and the remainder to Georgia Davis and Frederick Davis, the children of an adopted daughter."

In this connection you have advised us that the adopted daughter's children were adopted in 1956. For the purposes of this opinion it is assumed that all three adoptions were consummated in accordance with the adoption statutes then in effect.

If the adopted children of the adopted daughter cannot come within the provisions of Article 14.02 - Class A - , Chapter 14, Title 122A, Tax.-Gen., Vernon's Civil Statutes, they must be classified under the less favorable provisions of Article 14.06 - Class E -, supra. Article 14.02 reads in part as follows:

> "If passing to or for the use of husband or wife, or any direct lineal descendant of husband or wife, or any

-492-

> direct lineal descendant or ascendant of
> the decedent, or to legally adopted
> child or children, or any direct lineal
> descendant of adopted child or children
> of the decedent, or to the husband of
> a daughter, or the wife of a son, the
> tax shall be. . . ."

In view of the decisions of our courts, it might be possible to accord this favorable classification to the adopted children of the adopted daughter under the provisions for "any direct lineal descendant or ascendant of the decedent." However, the more readily applicable provision is that for "any direct lineal descendant of adopted child or children of the decedent."

In order to qualify for the preferred tax treatment accorded persons enumerated in Class A, two contrary arguments must be overcome. The first is that Article 14.02 specifically distinguishes "direct lineal descendants" from "adopted children." Likewise, although the statute specifically places ". . .any direct lineal descendant. . .of the decedent " in the same category with "legally adopted child or children" of the decedent, there is no provision for the legally adopted child or children of an adopted child of the decedent; rather the statute specifically limits its classification to "any direct lineal descendant of adopted child or children of the decedent." Thus, on its face the statute indicates an intention to treat an adopted child or children of an adopted child of a decedent differently from direct lineal descendants of such adopted child or children of the decedent.

The second obstacle lies in the fact that ordinarily the class "direct lineal descendants" does not include adopted children. State v. Yturria, 109 Tex. 220, 204 S.W. 315 (1918), and Decker v. Williams, 215 S.W.2d 679 (Tex.Civ.App. 1948, error ref.) are two inheritance tax cases which recognize this principle.

The Court in the Yturria case said that "direct lineal descendant" meant natural offspring. Nevertheless the Court held that the decedent's legally adopted children came within the exemption then provided by Article 7487, R.S. (1911) for "direct lineal descendants" of the decedent, because under the terms of the adoption statutes, adopted children were entitled to the same rights and privileges as natural children with respect to that which passed to them upon the death of the adoptive parent without issue of his body. The court

pointed out that under the civil law, adopted persons and
their children were given the same legal status as natural
children and grandchildren but that the applicable Texas
adoption statutes specifically limited the rights and privi-
leges of the adopted child.  The Court said at page 316:

> ". . .Our statute, however, defines
> with precision the rights and privileges
> to which a party shall be entitled by
> virtue of adoption.  These rights and
> privileges are, under article 2, R.S.:
>
> "'All the rights and privileges,
> both in law and equity of a legal heir
> of the party so adopting him: . . .'"

However, the Court in the Yturria case refused to allow
an exemption for the property which passed under the will to
the children of the adopted children, because "we do not feel
warranted in extending to others the rights and privileges,
which are confined by the adoption statutes to the adoptive
person."  204 S.W. at p. 317.

In the Decker case the Court was concerned with the proper
classification for inheritance tax purposes of a legally adopted
daughter of the decedent's first wife who had predeceased him
and with the classification of two children of the first wife's
adopted daughter.  The adoption had taken place in 1928.  Class
A classification was accorded the adopted child of the dece-
dent's first wife on the ground that the phrase "direct lineal
descendant" must be given the same meaning when applied to
"husband or wife" as when applied to the decedent under the
prior act in the Yturria case.  However, the adopted child's
children were denied Class A classification.  It is evident
that in both the Yturria case and the Decker case favorable
classification for inheritance tax purposes was predicated
upon the rights and privileges of heirship accorded by the
adoption statutes in force at the date of the adoption of the
beneficiary.

Another case which predicated a determination of proper
classification for inheritance tax purposes on the rights of
heirship resulting from adoption is Farrier v. Calvert, 315 S.W.2d
40 (Tex.Civ.App. 1958, error ref. n.r.e.).  In this case the
court held that the adoptive mother of a deceased child, who
had been adopted by a deed of adoption on February 2, 1925,
could not be regarded as a "direct lineal ascendant of the
decedent" for inheritance tax purposes.  One of the reasons
for the court's decision was that under the adoption statutes

in effect at the time the decedent was adopted no rights of heirship were conferred upon the adoptive parents.

The problem we are presently considering is the result of the progressive enlargement of rights of adopted children under the adoption statutes. The pertinent provisions of the present adoption statutes, which were in force at the time of the adoption of the beneficiaries in question, read as follows:

> "Sec. 9.  When a minor child is adopted in accordance with the provisions of this Article, all legal relationship and all rights and duties between such child and its natural parents shall cease and determine, and such child shall thereafter be deemed and held to be for every purpose the child of its parent or parents by adoption as fully as though _naturally_ born to them in lawful wedlock. . . .  For purposes of inheritance under the laws of descent and distribution such adopted child shall be regarded as the child of the parent or parents by adoption, such adopted child and its descendants inheriting from and through the parent or parents by adoption and their kin the same as if such child were the natural legitimate child of such parent or parents by adoption, and such parent or parents by adoption and their kin inheriting from and through such adopted child the same as if such child were the natural legitimate child of such parent or parents by adoption. . . ."  Article 46a, V.C.S.

In this present form, the provision is significantly different from the one quoted on pages 2 and 3 of this opinion which was considered in the _Yturria_ and _Decker_ cases. It should be noted that the status conferred in the old statutes "as a legal heir of the party so adopting him" has been changed to that of a "naturally born" child "for all purposes." The Legislature intended by these changes to broaden the application of the adoption statutes beyond the restriction emphasized in

the Decker case, viz. "as between the adopting parents and the adopted child."

        In view of the foregoing, the adopted children in question have become, for all purposes of inheritance, the natural children of the adopting parents.  Since the decisions which we have previously summarized in connection with our inheritance tax statutes have accorded favorable classification for inheritance tax purposes based on the rights of heirship, we can only conclude that the children in this case should be classified under Class A.

## S U M M A R Y

        The adopted children of an adopted daughter of a decedent are entitled to Class A classification under the provisions of Article 14.02, V.C.S.

                        Yours very truly,

                        WAGGONER CARR
                        Attorney General of Texas


                        By: Marietta McGregor Payne
                        Marietta McGregor Payne
                        Assistant Attorney General


                        R Gordon Appleman
                        R Gordon Appleman
                        Assistant Attorney General

MMP,RGA/jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

J. H. Broadhurst
Ernest Fortenberry
W. E. Allen
J. S. Bracewell

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone