

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

February 4, 1966

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas 78701

Opinion No. C-595

Re: Whether the Texas Highway
Department has the authority
to utilize certain Federal
aid funds, allocated to Texas
under Public Law 89-285, for
the acquisition of interests
in and improvement of strips
of land necessary for the
restoration, preservation and
enhancement of the scenic
beauty adjacent to Federal-
aid highways.

Dear Mr. Greer:

You have requested an opinion of this office concerning the
authority of the Texas Highway Department to utilize certain
Federal aid funds, to be allocated to Texas under Public Law
89-285. In your request you refer to Title III of Public Law
89-285 which amends Section 319 of Title 23, United States Code.
You also state that Texas statutes "... provide for the cooperative
endeavor between the State of Texas and the United States
Government in the utilization of Federal-aid funds for the develop-
ment of the highway system."

Public Law 89-285 is captioned "An act to provide for
scenic development and road beautification of the Federal-aid
highway system." This act is known as the Highway Beautification
Act of 1965. Title III of this act provides that "the secretary
may approve as a part of the construction of Federal-aid highways
the costs of landscape and roadside development ..." Subsection b
of Title III further provides in part that:

"An amount equivalent to 3 per centum of the funds apportioned to a State for Federal-aid highways for any fiscal year shall be allocated to that State out of funds appropriated under authority of this subsection, which shall be used for landscape and roadside development <u>within the highway right-of-way</u> and for acquisition of interests in and improvement of <u>strips of land</u> necessary for the restoration, preservation, and enhancement of scenic beauty <u>adjacent to such highways</u>, including acquisition and development of publicly owned and controlled rest and recreation areas and sanitary and other facilities <u>within or adjacent to the highway right-of-way</u> reasonably necessary to accommodate the traveling public, without being matched by the State ..." (Emphasis added)

It should be noted that the uses for which Congress appropriated funds in Title III are as follows: (1) for landscape and roadside development <u>within the highway right-of-way</u>, (2) for acquisition of interests in and improvement of strips of land necessary for the restoration, preservation, and enhancement of scenic beauty <u>adjacent to such highways</u>, and for (3) acquisition and development of publicly owned and controlled rest and recreation areas and sanitary and other facilities <u>within or adjacent to the highway right-of-way</u> reasonably necessary to accommodate the traveling public. The monies allocated under the provisions of Title III are, therefore, to be expended in part within existing right-of-way and in part outside existing right-of-way on lands <u>adjacent</u> to such right-of-way.

Your opinion request is limited to the second mentioned use in subsection (b) of Title III of Public Law 89-285, namely, "acquisition of interests in and improvement of strips of land necessary for the restoration, preservation, and enhancement of scenic beauty adjacent to such highways..." You request our opinion, in other words, on the authority of the Texas Highway Department to utilize these Federal-aid funds *for the acquisition*

of interests in and improvement of strips of land necessary for the restoration, preservation and enhancement of scenic beauty adjacent to rights-of-way of Federal Aid Highways in Texas.

The people of Texas in Section 24 of Article 16 of the Constitution of Texas have conferred the power and imposed the duty upon the Legislature to provide for public roads in the State of Texas. The Legislature, therefore, has the primary and plenary power to control and regulate public roads; but the Legislature may delegate that authority. Texas Highway Commission v. El Paso Bldg. and Const. Trades Council, 149 Tex. 348, 234 S.W.2d 857 (1951); State v. City of Austin, 160 Tex. 348, 331 S.W.2d 737 (1960).

The Articles in Chapter 1 of Title 116 of Vernon's Civil Statutes contain most of the civil statutes of Texas pertaining to the authority delegated by the Legislature to the State Highway Department in regard to State highways. Article 6673, Vernon's Civil Statutes, provides that the State Highway Commission "is authorized to take over and maintain the various state highways in Texas ..."

In Article 6674w-3 of Title 116, Vernon's Civil Statutes, entitled "Acquisition of property," the Legislature conferred upon the State Highway Commission, in addition to other powers conferred by law, certain powers of purchase and condemnation for highway purposes. Subsection 1(a) of Article 6674w-3, which delegates the powers of purchase, is quoted as follows:

> "...Any land in fee simple or any lesser estate or interest therein; any property rights of any kind or character including, but not limited to, rights of ingress and egress and reservation rights in land which restrict or prohibit the adding of new, or addition to or modification of existing improvements on such land, or subdividing the same; and any timber, earth, stone, gravel, or other material; which the State Highway Commission may in its judgment determine to be necessary or convenient to any State Highway to be

constructed, reconstructed, maintained, widened,
straightened or lengthened <u>including, but not
limited to, any land, property rights or materials
deemed by the State Highway Commission necessary
or convenient for the purpose</u> of protecting any
State Highway; draining any State Highway; diverting
streams or rivers or any other watercourse from
the right of way of any State Highway; storing
materials and equipment used in the construction
and maintenance of State Highways; constructing
and operating warehouses and other buildings and
facilities used in connection with the construction,
maintenance, and operation of State Highways;
laying out, construction, and maintenance of
roadside parks; and any other purpose related to
the laying out, construction, improvement,
maintenance, <u>beautification</u>, preservation and
operation of <u>State Highways, may be purchased by
the State Highway Commission in the name of the
State of Texas, on such terms and conditions and
in such manner as the Highway Commission may deem
proper</u>." (Emphasis added)

Does Subsection 1(a) of Article 6674w-3 contain legislative
authorization to the Department to purchase interests in strips
of land adjacent to highway right-of-way?

The cardinal rule of statutory construction is to ascertain
and give effect to the legislative intent. Subsection 6 of
Article 10, Vernon's Civil Statutes; <u>State v. Shoppers World, Inc.</u>380 S.W.
2d 107 (Tex.Sup.(1964). When the legislative intent of a statute
is plain and its meaning is patent, there is no need for resort
to aids of statutory construction. <u>Fire Assn. of Philadelphia
v. Love</u>, 101 Tex. 376, 108 S.W. 158 (1908); <u>Fox v. Burgess</u>, 157
Tex. 292, 302 S.W.2d 404 (1957). The Court's only duty in such a
situation is to observe and enforce the statute. <u>Gilmore v. Waples</u>,
108 Tex. 167, 188 S.W. 1037 (1916).

Subsection 1(a) of Article 6674w-3 does not plainly say that the Department may purchase interest in strips of land adjacent to highway right-of-way. The statute is vague and in doubt on this point. It is, therefore, necessary to resort to aids and rules of statutory construction to ascertain the legislative intent. Cannon's Adm. v. Vaughn, 12 Tex. 399, at 402 (1854); Kay v. Schneider, 110 Tex. 369, 221 S.W.880 at 884 (1920); State v. Shoppers World, Inc., supra.

Subsection 1(a) of Article 6674w-3 is a complex statutory sentence which has three subjects separated by semicolons. These three subjects describe three categories of items which the State Highway Commission may purchase. These phrases are followed by an adjective clause modifying the compound subject of the sentence. This dependent clause ("which the State Highway Commission may ...") limits the powers of purchase delegated by imposing the requirement that the State Highway Commission determine (1) that the item is necessary or convenient to any State Highway and (2) that the item be necessary or convenient for any one of a series of specified purposes. This adjective clause is then followed by the verb and object of the sentence, to wit: "may be purchased by the State Highway Commission in the name of the State of Texas, on such terms and conditions and in such manner as the Highway Commission may deem proper."

The three subjects describe three different types or categories of property that may be purchased by the Department; the three subjects do not overlap in their scope of description. To read the statute otherwise would violate a rule of statutory construction which requires that each sentence, clause, phrase and word be given effect if reasonably possible. Spence v. Fenchler, 107 Tex. 443, 180 S.W. 597 at 601 (1916); Eddins-Walcher Butane Co. v. Calvert, 156 Tex. 587, 298 S.W.2d 93 at 96 (1957); Perkins v. State, 162 Tex. 456, 367 S.W.2d 140 at 146 (1963). It is presumed that each phrase was inserted for a definite purpose, and the statute should not be construed so as to result in the omission of a phrase from the statute. Perkins v. State, supra; Moore v. Commissioners' Court of Bell County, 175 S.W. 849 at 851 (Tex. Civ.App. 1916 error dism.)

The first subject grants the Department sufficient power to purchase all lands in fee simple or any lesser estate therein, such as an easement, necessary for right-of-way for State Highways. The third subject grants the Department the power to purchase materials necessary for State Highways. Obviously the Legislature intended that the Department be empowered to purchase materials located outside existing or proposed right-of-way proper.

The second subject grants the Department the power to purchase "any property rights of any kind or character including, but not limited to, rights of ingress and egress and reservation rights in land which restrict or prohibit the adding of new, or addition to or modification of existing improvements on such land, or subdividing the same." The Legislature thus intended to grant to the Department the power to purchase "property rights" in land outside existing rights-of-way.

Since the first subject grants sufficient power to purchase all lands necessary for rights-of-way, the Legislature must have had in mind a different purpose in adding the second subject. Also, the specific kinds and character of property rights mentioned in the second subject clearly refer to interests in land _outside_ of existing rights-of-way, such as (1) rights of ingress and egress and (2) reservation rights _in land_ which (a) restrict or prohibit the adding of new, or addition to or modification of existing improvements on such land, or (b) restrict or prohibit subdividing the same. The phrase "including, but not limited to" is a legislative instruction prohibiting the application of the rule of construction known as "ejusdem generis" defined and applied in _Stanford v. Butler_, 142 Tex. 692, 181 S.W.2d 269, 272 (1944). The general terms are, therefore, to be accorded their full scope of meaning without being limited to the kinds and character of property rights specifically mentioned.

The grant of power to purchase property rights outside existing rights-of-way is not limited in kind or character, but the grant of power is limited to a Highway Commission determination that the property right to be purchased is necessary or convenient to State Highways for one of a number of enumerated purposes. In the adjective clause enumerating the purposes for which purchases may be made, the Legislature included the purpose of "beautification" of State Highways.

Hon. D. C. Greer, page 7(C-595)

The Legislature did not define the word "beautification" in the statute. There is no indication, however, that the word is used as a term of trade or art. The Legislature is, therefore, presumed to have intended the common meaning or "ordinary signification" of the word. Subsection 1 of Article 10, Vernon's Civil Statutes;Turner v. Cross, 83 Tex. 218, 18 S.W.578, 579 (1892); Eddins-Walcher Butane Co. v. Calvert, supra; Texas P.R. Co. v. Railroad Comm., 105 Tex. 386, 150 S.W. 878 (1912); State ex rel. Walton v. Yturria, 109 Tex. 220, 204 S.W. 315 at 316 (1918). "Beautification" is not an easily defined term; the scope of the term itself is vague. It is proper to consult a dictionary to ascertain the ordinary significance or common usage of the word. Eddins-Walcher Butane Company v. Calvert, supra; Texas & P.R. Co. v. Railroad Comm., 105 Tex. 386 150 S.W. 878 (1912); Board of Insurance Comm'rs v. Duncan, 174 S.W.2d 326, 328 (Tex. Civ. App. 1943, error ref.)

"Beautification" is defined in Webster's Seventh New Collegiate Dictionary (Springfield, Mass.; G. & C. Merriam Company, Publisher, 1963), as "the act or process of beautifying." The same dictionary defines "beautify" as "to make beautiful or add beauty to." "Beauty" was defined in the same dictionary as "the quality or aggregate of qualities in a person or thing that gives pleasure to the senses or pleasurably exalts the mind or spirit." The purchase of interest in strips of land adjacent to highways to enhance scenic beauty would add beauty--in the ordinary significance of the word--to highways; the purchase of interest in such strips of land adjacent to highways, therefore, falls within the purpose of beautification expressly mentioned in Subsection 1(a) of Article 6674w-3.

The Legislature in Subsection 1(b) of Article 6674w-3 delegated to the State Highway Department certain authority to acquire property by exercise of the power of eminent domain. The language of Subsection 1(b) is not similar to the language of Subsection 1(a) in several important ways. The clause enumerating the purposes for which the power of eminent domain may be exercised does not mention "beautification." Subsection 1(b) does not, therefore, expressly authorize the State Highway Department to acquire property for beautification of State Highways by exercise of the power of eminent domain.

It has been said that "... the power of eminent domain must be conferred by the Legislature, either expressly or by necessary implication, and will not be gathered from doubtful inferences." Coastal State Gas Producing Company v. Page, 158 Tex. 151, 309 S.W.2d 828, 831 (1958). The State Highway Department does not need to acquire property for beautification of State Highways by the exercise of the power of eminent domain in order to carry out the purposes of Article 6674w as demonstrated by the fact that the Department has operated under the Act since 1957 without exercising such power for such purpose. There is, therefore, no necessary implication of a grant of authority to condemn property for beautification of State Highways.

Article 6672, Vernon's Civil Statutes, requires that, "Any funds for public road construction in this State appropriated by the Federal Government shall be expended by and under the supervision of the Department only upon a part of the system of State Highways."

In conclusion, the State Highway Commission may acquire by purchase, but not by condemnation, in the name of the State of Texas, on such terms and conditions and in such manner as the Highway Commission may deem proper, interests in strips of land necessary for the restoration, preservation, and enhancement of scenic beauty adjacent to State Highways, deemed by the State Highway Commission necessary or convenient for the purpose of beautification of State Highways. The State Highway Commission may achieve the beautification of State Highways by widening existing rights-of-way to incorporate such strips of land necessary for the restoration, preservation, and enhancement of scenic beauty; or the State Highway Commission may purchase interest in strips of land adjacent to State Highways for the beautification of such highways without alteration of the existing lines of rights-of-way. Monies allocated to the State of Texas under the provisions of Title III of Public Law 89-285, however, must be expended by the Department only on those Federal-aid highways which are a part of the system of State Highways.

## SUMMARY

The Texas Highway Department is authorized by virtue of Article 6674w-3, Vernon's Civil Statutes, to purchase interests in strips of land necessary for the restoration, preservation and enhancement of the scenic beauty adjacent to Federal-aid Highways in Texas which are a part of the system of State Highways.

Yours very truly,

WAGGONER CARR
Attorney General

By Richard A. Shannon
Richard A. Shannon
Assistant Attorney General

RAS:tv;me

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Carroll Graham
William Hemphill
John Banks
Roger Tyler

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright