NATHAN HARLE ET AL. v. BRUFF HARLE ET AL.

No. 2700.   Decided June 28, 1918.

**1.—Community Property—Descent—Heirs of Adopted Child.**

Real estate, the community property of husband and wife, passed to the surviving husband when she died leaving no child or descendant of a child. Descendants of one merely adopted by the deceased wife as an heir, and previously deceased, were not descendants of a child of such decedent, within the meaning of article 2469, Rev. Stats., regulating descent in such cases. (Pp. 218-220.)

**2.—Same—Statutory Construction.**

The words "child or children" are not technical terms, and as used in the statute (Rev. Stats., art. 2469), should be given their ordinary significance of issue, progeny, or offspring. One adopted as heir under our statute (Rev. Stats., arts. 1, 2), does not come within their meaning. The right of inheritance was thereby conferred only on the person so adopted. There was no inheritance where such person died before the one adopting her. (Pp. 217, 218.)

**3.—Cases Followed.**

Burgess v. Hargrove, 64 Texas, 117; Eckford v. Knox, 67 Texas, 200; and Walton v. Yturria, 109 Texas, *post,* approved and followed. (Pp. 217, 218.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Navarro County.

Nathan Harle sued Bruff Harle and others, and had judgment. It

was reversed and rendered on appeal by defendants, and Nathan Harle obtained writ of error.

*McLellan & Prince,* for plaintiffs in error.—The statutes of descent and distribution of Texas cast no title on descendants of an adopted heir. When an adopted heir dies before the adopting person does, the descendants of the adopted heir have no inheritable blood, and there is no statute casting descent on them, and therefore they take no title to any property of the adopting person by inheritance. Eckford v. Knox, 67 Texas, 200; Taylor v. Deseve, 81 Texas, 249; Burgess v. Hargrove, 64 Texas, 110; Conrad v. Herring, 36 Texas Civ. App., 616; Cartwright v. Moore, 66 Texas, 55; Rev. Stats., arts. 1, 2, 2463, 2466, 2469.

Under the laws of Texas, Mary Ann Harle, the "adopted heir," is not a child of Gracie Ann Harle, the "adopting person," and therefore the "McGriff Heirs" are not "grandchildren" of Gracie Ann Harle, and the laws of descent and distribution in Texas cast title to the property in dispute on Nathan Harle, defendant in error. Same authorities.

*H. S. Melear,* for John Harle.

*W. W. Ballew,* for defendants in error.—The interest claimed by Nathan Harle was the community property of Nathan Harle and Gracie Ann Harle, and Gracie Ann Harle had adopted the minor, Mary Ann Richardson, the mother and wife of these interveners, in 1884, and had made the said Mary Ann Richardson, or Mary Ann Harle, the legal heir and adopted child of said Gracie Ann Harle, and these interveners were entitled at the death of Gracie Ann Harle to whatever community interests the said Gracie Ann Harle owned in and to the 120 acres claimed by Nathan Harle, subject to the homestead interest of the plaintiff, Nathan Harle, therein. Power v. Hafley, 85 Ky., 671, 4 S. W., 683; Eckford v. Knox, 67 Texas, 200; Gray v. Holmes, 57 Kan., 217, 33 L. R. A., 207; Warren v. Prescott, 84 Me., 483, 30 Am. St., 370; Sander's Justinian, 103, 105, 107; Vidal v. Commagere, 13 La. Ann., 516.

It is a rule of universal application, that where a statute of another State, or the law of another country has been adopted by a State, such adoption carries with it the rule of construction as understood by the State or country from which the statute is adopted, subject only to such modifications as are contained in the adopting statute.

It therefore follows, that when the Legislature of Texas enacted the statute of adoption from the civil law, that the civil law doctrine of adoption became the law of Texas, in its full force and effect, subject only to the modifications and exceptions given to it by the Texas statute. This rule is so old and familiar that no authorities are necessary to be cited. It therefore follows as night the day, that when Gracie Ann Harle adopted the child Mary Ann Richardson in 1884, Mary Ann Richardson stood in the relation of child to her adopter, and her children became the grandchildren of Gracie Ann Harle. (Sander's Jus-

tinian, 103 to 107; Vidal v. Commagere, 13 La. Ann., 517; Eckford v. Knox, 67 Texas, 204; Power v. Hafley, 85 Ky., 671, 4 S. W., 683; Gray v. Holmes, 57 Kan., 217, 33 L. R. A., 207; In re Upton, 16 La. Ann., 175. The cases of Power v. Hafley, 4 S. W., 683, and of Gray v. Holmes, 57 Kan., 217, 33 L. R. A., 207, are both directly in point. We have not had access to Pace v. Klink, 51 Ga., 220, and Vidal v. Commagere, 13 La. Ann., 526, but each of these cases is cited in a number of decisions, as sustaining the proposition, that the children of an adopted child are the legal heirs and descendants of the adopter, or adoptive parent. We believe that the universal rule, adopted by all of the courts of America, that have passed upon the question, is that under the law authorizing the adoption, the legal status of the adopted child is fixed by the act of adoption, and the adopted child thereby becomes the legal child of the adopting parent, and stands, as to the property of the adopting parent, in the same light as a child born in lawful wedlock, save in so far as the exceptions in the statute authorizing the adoption declare otherwise. Humphries v. Davis, 100 Ind., 280; Wagner v. Varner, 50 Iowa, 532; Barnes v. Allen, 25 Ind., 222; Ross v. Ross, 129 Mass., 243; Vidal v. Commagere, 13 La. Ann., 519; Power v. Hafley, 4 S. W., 683; Pace v. Klink, 51 Ga., 220; Warren v. Prescott, 30 Am. St., 370; Gray v. Holmes, 33 L. R. A., 207; Van Matre v. Sankey, 148 Ill., 536, 39 Am. St., 196; Quinn v. Quinn, 5 S. D., 328, 49 Am. St., 875; Ex parte Williams, 102 Cal., 70, 41 Am. St., 163; In re Newman, 75 Cal., 213, 7 Am. St., 146; Morrison v. Sessions, 70 Mich., 297; Rowan's App., 132 Pa. St., 299, Johnson's App., 88 Pa. St., 346; Hockaday v. Lynn, 200 Mo., 456, 118 Am. St., 672; Eckford v. Knox, 67 Texas, 200; Hartwell v. Tefft, 19 R. I., 644, 34 L. R. A., 500; Pearce v. Rickard, 18 R. I., 142; Fosburgh v. Rogers, 114 Mo., 122, 19 L. R. A., 201; Tirrell v. Bacon, 3 Fed., 62; Clarkson v. Hatton, 143 Mo., 47, 65 Am. St., 635; Butterfield v. Sawyer, 187 Ill., 598, 79 Am. St., 246; Cofer v. Scroggins, 98 Ala., 242, 39 Am. St., 54; Parsons v. Parsons, 101 Wis., 76, 70 Am. St., 894; Reinders v. Kopplemann, 94 Mo., 338, 7 S. W., 288; Lynn v. Hockaday, 162 Mo., 111, 85 Am. St., 485, 61 S. W., 883; Barnhizel v. Ferrell, 47 Ind., 335; Barnes v. Allen, 25 Ind., 222; Schafer v. Eneu, 54 Pa., 304.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The material facts showed that in 1879 Nathan Harle, who was then the husband of Gracie Ann Harle, and Freeman Slaughter, who was then the husband of Amanda Slaughter, acquired by purchase the 160 acres of land in controversy. By a marriage prior to that with Gracie Ann Harle, Nathan Harle had three children named Bruff Harle, John Harle and Amanda Slaughter. Under a partition between Nathan Harle and Freeman Slaughter, 40 acres of the land was set apart to Freeman Slaughter, and the remaining 120 acres was set apart to Nathan Harle. Out of the 120 acres, Nathan Harle and Gracie Ann Harle conveyed 60 acres to John Harle. Gracie Ann Harle had no

children, but she adopted, in compliance with the Texas statute, Mary Ann Richardson, who married Wash McGriff, and Wash McGriff and his three children by Mary Ann McGriff are termed herein the McGriff heirs. Mary Ann McGriff died intestate and at a later date Gracie Ann Harle also died intestate.

This suit was brought in the District Court of Navarro County by Nathan Harle against Bruff Harle, John Harle and Freeman Slaughter, to try the title to the entire 160 acres of land. The McGriff heirs and the children of Amanda Slaughter, deceased, intervened in the suit. On a verdict directed by the court, Freeman Slaughter recovered the 40 acres, which had been partitioned to him, subject to the rights of the children of Amanda Slaughter; John Harle recovered the 60 acres, which had been conveyed to him; and Nathan Harle recovered the remainder of the land sued for. The Court of Civil Appeals affirmed the judgment of the trial court, save as to the McGriff heirs, and, with respect to them, that court reversed the judgment of the trial court and rendered judgment in their favor for an undivided half of the land adjudged below to Nathan Harle. 166 S. W., 674. Writs of error were granted the several applicants because this court was of the opinion that there was probable error in the judgment of the Court of Civil Appeals in favor of the McGriff heirs.

The land in controversy, being a part of the community estate of Nathan Harle and Gracie Ann Harle, passed under article 2469 of the Revised Statutes, on the dissolution of the marriage relation between Nathan Harle and Gracie Ann Harle by the latter's death, to Nathan Harle as survivor, unless descendants of a child or children of Gracie Ann Harle survived her. The Court of Civil Appeals concluded that the mother of the McGriff heirs, as the adopted heir of Gracie Ann Harle, acquired the legal status of a child and that hence the McGriff heirs were descendants of a child, within the meaning of article 2469.

It seems clear to us that the words "child or children of the deceased or their descendants," as used in article 2469, can not be interpreted to include adopted heirs and their issue. For, as was said in Burgess v. Hargrove, 64 Texas, 117: "The Revised Statutes require that 'the ordinary signification shall be applied to words, except words of art or words connected with a particular trade or subject matter, when they shall have the signification attached to them by experts in such art or trade, or with reference to such subject matter.' The words 'child or children' are not technical terms to require the evidence of an expert to define them, and the subject matter in reference to which they are used does not demand that they shall receive other than their ordinary signification. That hardship may result from such construction is not for the courts, but the Legislature, to take into consideration." The ordinary signification of child is a male or female descendant in the first degree. As the mother of the McGriff heirs was not descended from Gracie Ann Harle but from some other mother, she was not in fact a child of Gracie Ann Harle, under the ordinary signification of

the word child, and, therefore, the McGriff heirs were not in fact descendants of a child of Gracie Ann Harle. Cochren v. Cochren, 43 Texas Civ. App., 259, 95 S. W., 752.

In Morse v. Osborne, 30 L. R. A. (N. S.), 914 (75 N. H., 417, 77 Atl., 403), an adopted person was held not to be "issue" of his adopter, within the meaning of a statute of descent of New Hampshire, though the Supreme Court of that State gave to the word "issue" the meaning of "child, grandchild, or other lineal descendant."

The Supreme Court of Illinois reached a similar conclusion when it said in Keegan v. Geraghty, 101 Ill., 40: "An adopted child is not a child in fact, nor is an adopted child, having the rights of a child, a child in fact."

The Supreme Court of Vermont was called upon to determine the status of one Amanda M. Pennock, who had been constituted by an Act of the Legislature "heir at law of John B. and Sally Dunbar . . . in as full and perfect a manner as if she had been a daughter of the said John B. and Sally Dunbar born in lawful wedlock," and it was held that "she is merely made heir at law of Mr. and Mrs. Dunbar to share as their child. It is not enacted that she is their child; or that she is to be considered, and taken in law, to be their child. . . . We can not go farther than the statute, which merely authorizes her to take directly as heir from Mr. and Mrs. Dunbar. Moore v. Estate of Moore, 35 Vt., 101." The same court, in construing another legislative enactment constituting John Chancey Chandler "heir at law" of John Bullock, declared: "It can not be said that the Act under and by virtue of which he (John Chancey Chandler) was adopted made him the child or issue of John Bullock. The words 'child' or 'issue' are defined to mean progeny or offspring. Stanley v. Chandler, 53 Vt., 624."

As announced in Eckford v. Knox, 67 Texas, 200, 2 S. W., 372, adoption under our statutes does not constitute the adopted person a member of the family of the adopter, and does not confer the privileges nor impose the duties which arise from the relation of parent and child, as was the case under the civil law, but, on the contrary, the complete effect of compliance with article 1 is, as declared in article 2, to put the adopted person in the same position with respect to succession to the estate of the adopter, on his death, as a child would occupy, except that as against a child born in lawful wedlock, the adopted person can not take more than one-fourth of the estate. It necessarily follows that adoption in Texas does not give the adopted person the legal status of a child.

The opinion of Chief Justice Willie in Eckford v. Knox has been followed in the case of Walton, Tax Collector, v. Yturria (*post*), this day decided by this court, wherein it was determined that an adopted person was not a direct lineal descendant of his adopter, and that such person did not acquire the status of a child of his adopter. The doctrine announced in Eckford v. Knox had previously been reaffirmed in Taylor v. Deseve, 81 Texas, 249, 16 S. W., 1008.

Under our construction of the statutes we do not deny the adopted person any of "the rights and privileges, both in law and equity of a legal heir of the party so adopting him," to which he is entitled under article 2, Revised Statutes, but we do not extend the statute so as to confer rights and privileges in the estate of the adopter on others than the person adopted. The right to inherit from Gracie Ann Harle was given to the person she adopted. When that person died before Gracie Ann Harle, the latter's estate could not pass to her. The adopted person acquired no right, through her adoption, to be represented by her heirs in the distribution of the adopter's estate. For, it is the settled law in Texas that when children of a deceased child inherit from a parent of such child, under our statutes of descent, they take not through or by representation of the parent but directly from the deceased. Chief Justice Gaines, in delivering the opinion in Powers v. Morrison, 88 Texas, 139, 30 S. W., 853, 28 L. R. A., 521, 55 Am. St., 738, said that the following is an accurate, terse and forcible statement of the law, viz: "The grandchildren of an intestate take by substitution, not through, but paramount to their parent. The law designates them as persons to take a title, derived not from the parent but immediately from the intestate. The property never was in the parent, and consequently they did not inherit from him what he had not."

Article 2466, Revised Statutes, appears to expressly forbid recognizing any right of inheritance in the McGriff heirs, they not being "children or lineal descendants of the intestate"; for the article denies the right of inheritance to any persons whatsoever other than to children or lineal descendants of the intestate unless they are in being and unless they are also "capable in law to take as heirs" at the time of the death of the intestate, and we have no statute conferring any right of inheritance in the estate of an adopter on the children or descendants of the adopted person. Yet, "the right of succession in this State is the creature of statutory law." Powers v. Morrison, 88 Texas, 137.

There are decisions of other States upholding the right of children of an adopted person to inherit from the adopter. But, as pointed out in Bernero v. Goodwin, 184 S. W., 75, cited in behalf of defendants in error, these decisions are in the main based on one of the two following propositions: First, that "under the civil law the children of an adopted person stood in the position of grandchildren of the adopting parent," and "since adoption was a creature of the civil law and unknown to the common law, the courts will look to the civil law for aid in construing the respective statutes"; and second, that the term "heir" when used in an adoption statute "implies representation and that, therefore, upon the death of an adopted child her children succeeded to her rights as heir of the adopting parent."

In our opinion, neither of these propositions should have controlling weight in construing our statutes. As pointed out in Eckford v. Knox, the civil law doctrine was so modified by the terms of our adoption statute as to preclude giving children of an adopted person the status

of grandchildren of the adopter. And, it would be utterly inconsistent with the principles enunciated in Powers v. Morrison to extend to the children of adopted persons, by means of representation, a right of inheritance in the estate of their parent's adopter.

We have considered the assignments of all parties, and find no error in the action of the District Court or Court of Civil Appeals save as indicated above.

We fully appreciate the importance of this decision and have given it commensurate consideration.

The judgment of the Court of Civil Appeals is reversed and that of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*