### GEORGE O. KNOTZ V. THE STATE.

No. 9497.    Delivered November 25, 1925.

**1.—Failing to Support Minor Child—Adoption of Minor—Obligation Assumed.**

    Where a minor child, whose natural parents are living, is adopted by another, under Arts. 1 and 2 of Title 1 of Vernon's Texas Statutes, there is no legal obligation on the part of the adoptors to support and maintain such minor, at least while its natural parents are living.

**2.—Same—Continued.**

    Under Art. 3 of the above statute, a written instrument, signed by the natural parents transferring their parental authority and custody over said minor to the adoptors would be necessary, and its acceptance by them, to charge them with the legal support and maintenance of such minor. Art. 3 not having been conformed to by the natural parents of said minor, Art. 5, fixing the responsibility of adopting parents, has no application to the case before us, and it must be reversed for the reason that appellant was under no legal obligation to support the minor child.

Appeal from the County Court for Criminal Cases of Bexar County. Tried below before the Hon. George G. Clifton, Judge.

Appeal from a conviction for failing and refusing to provide for the support and maintenance of a minor child, penalty a fine of $50.00.

The opinion states the case.

*A. L. Matlock*, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is wilfully failing and refusing to provide for the support and maintenance of a minor child and the punishment is a fine of $50.00.

The testimony is undisputed to the effect that the minor child in question is an adopted child of the appellant and his divorced wife and that it is in necessitous circumstances and

that the appellant refuses to support the same. The facts are sufficient to show that the natural parents of the child are now living in Texas, and that the child was adopted by appellant and his wife while they were living together, the adoption being under Articles I and II of Title I of Vernon's Complete Texas Statutes. It is clear from the evidence that Articles III, IV and V of Title I of said Statutes have not been complied with and these articles do not apply in the instant case unless they are so related to Articles I and II as to make an adoption under Articles I and II carry with it the rights conferred upon the child by a compliance with Articles III, IV and V of said title and said Statutes.

It is appellant's contention that under the laws of this State and under the facts above stated, he cannot be convicted for failing to support his adopted child. The record shows that appellant and his divorced wife before being divorced filed in the office of the County Clerk of Bexar County a statement in writing in compliance with Article I, supra. It further shows that neither the parent nor parents of the child in question signed any instrument in writing transferring their parental authority and custody over said child so adopted to the appellant and his wife.

We think it clear under Article V, supra, that if the terms of Article III, supra, had been complied with that this conviction would be void. The very terms of Article V make manifest the intention of the Legislature to require the same treatment from adoptors toward an adopted child as is required in case of parents toward their own children. We think, however, that Article V, supra, is not applicable to the facts of this case. On the contrary, we think it would apply only in a case where the parent or parents of the child who had been adopted as provided in Articles I and II, supra, have by proper instrument ·in writing transferred their parental authority; and we think that when only Article I, supra, has been complied with that there is no obligation on the part of the person adopting a child to support same when its natural parents are shown to be living. Under Article I, supra, the person adopted becomes the legal heir of the party adopting him and derives no other benefit from such act on the part of the party so adopting. Property rights growing out of this question have been passed on by our Supreme Court in the following cases: Eckford v. Knox, 67 Texas 200; Harle v. Harle, 109 Texas 217; Walton v. Yturria, 109 Texas 220.

The foregoing cases were concerned only with the Statute as detailed in Articles I and II thereof, but we think it clear that before the party could claim the rights and privileges given him under Article V of the Statute, it would be essential that Article III be fully complied with, otherwise a party acting under Article I might adopt any child whose parents are living for the purpose only of making such child the heir to his estate; the child might continue to live with its own parents and while they might not be averse to allowing it to inherit its neighbor's property at his death, they might seriously object to surrendering parental control over it and would be loath to dispense with its association, and of course, there would be no statute and no rule of law that would require them to make this sacrifice contrary to their own voluntary will, and yet if every person who adopted an heir under Article I must be held accountable under Article V for the support, maintenance and humane treatment of such a child, then under the conditions above stated, a party whose only offense has been the gratuitous act of making his neighbor's child his heir, could be criminally prosecuted while living for failing to support such child, although it remained in another's custody. We think the illustration makes it manifest that such was not the legislative intent when Art. 602 of the P. C. was enacted. On the contrary, we think it equally certain that it is only where the transfer of parental authority and custody over the child has been made in conformity with Article III that the obligations imposed by Article V apply.

We are not called upon to decide and do not decide as to the construction to be given to the statute above mentioned where the parents of the child in question are dead. But where the parents of the child are living, to hold that a party who had done nothing more than comply with Article I, supra, may be punished under Art. 602 P. C., would be to hold that simply because he has seen fit to make one to whom he owes no such natural duty his heir, when dead, he thereby takes upon himself the additional burden of supporting such person while living. This would be in effect to repay gratuitous generosity with ingratitude and would make a mere gratuity a weapon of offense in the hands of a belligerent beneficiary. Before the obligation to support such child can be enjoined upon the adoptor when the child's natural parents are living, the adoptor must do more than merely make him an heir to his estate. He must by his own act relieve the child's natural parents of the

obligation to support it placed upon them by nature and by law and he must voluntarily assume that burden himself.

So believing, we hold that the facts above stated are insufficient to support the verdict and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.