## FLETCHER et al. v. PERSALL.
### No. 7973.

Court of Civil Appeals of Texas. Austin.
Sept. 26, 1934.

Rehearing Denied Oct. 24, 1934.

Dan Moody, of Austin, for appellants.

G. S. Dowell and Henry Faulk, both of Austin, for appellee.

BLAIR, Justice.

This appeal presents the question of whether a child adopted under the provisions of title 3 of the Revised Statutes of 1925 has the right of inheritance from the collateral kin of the adopting parent.

Appellant Mrs. Flora M. Fletcher was legally adopted by Robert W. and Belle Mitchell, husband and wife, who died leaving no other child or children. Robert W. Mitchell predeceased his brother, T. J. Mitchell, a single man, who died intestate, leaving surviving him as next of kin appellee, Mrs. Julia A. Persall, a sister of half blood. The trial court held that the adopted child had no right of inheritance from T. J. Mitchell, and awarded his entire estate to appellee, in accordance with the statutes of descent and distribution.

Appellants assert that the case was tried under, and is controlled by, the adoption statutes as contained in title 3 of the Revised Statutes of 1925, which were the statutes in force at the death of the adopting parent. They concede that no adoption statute up to and including the 1911 revision, under the interpretation given them by the courts, authorized the right of inheritance of the adopted party from the collateral kin of the adopter; but claim that important changes were made in such statutes between the 1911 and 1925 revisions, which authorized such right of inheritance.

A review of the history of the original adoption act of 1850 (Laws 1849-50, c. 39, § 2), the interpretations placed upon it, and the subsequent amendments up to and including the 1925 recodification, leaves no room for doubt but that said statutes created only the relation of ancestor and heir, or parent and child, in some cases, as between the adopter and the adopted; and that the adopted had no right of inheritance except from "the estate of the party adopting him or her," limited in case the adopter had a natural child or children to "one-fourth of the estate of the party adopting him or her." Eckford v. Knox, 67 Tex. 200, 2 S. W. 372; Taylor v. Deseve, 81 Tex. 246, 16 S. W. 1008; Jordan v. Abney, 97 Tex. 296, 78 S. W. 486; Masterson v. Harris, 107 Tex. 73, 174 S. W. 570; State v. Yturria, 109 Tex. 220, 204 S. W. 315, L. R. A. 1918F, 1079; Harle v. Harle, 109 Tex. 214, 204 S. W. 317, 15 A. L. R. 1261; Bell v. Thomsen, 116 Tex. 325, 273 S. W. 1109, 1 S.W.(2d) 1118.

Adoption was unknown to the common law of England, but was first authorized in Texas by the act of 1850. Paragraph or § 1 of this original act declared "that any person wishing to adopt another as his or her legal heir" might do so by complying with the terms of the act. Paragraph or § 2 provided that such adoption "shall entitle the party so adopted to all the rights and privileges, both in law and equity, of a legal heir" from the "estate of the party adopting him or her," limited in case the adopter had a child or children to "one-fourth of the estate of the party adopting him or her." Paschal's Dig. arts. 30 and 31. With slight changes· in language, these statutes remained the same through each recodification until 1907 (Acts 1907, p. 103), when they were supplemented by articles 3 to 8 (Rev. St. 1911), which provided, in so far as material here, for the transfer of parental authority and custody over a "child so adopted" to the adopting parent by the natural parents; and article 5 provided that "the child or children so adopted shall have the same rights as against the person or persons adopting said child or children for support and maintenance, and for proper and humane treatment, as a child has, by law, against lawful parents." In 1920 (Acts 1920 [3d Called Sess.] c. 62) the statutes were again amended by omitting this article 5, and by combining articles 3, 4, and 6 of the 1907 act, and by further providing that natural parents would lose custody and control to the adopting parent, if they voluntarily abandoned such an adopted child or children for three years. Otherwise than thus amended, the act of 1907 remained the same until the 1925 recodification, when the lan-

guage of omitted article 5 of the 1907 act was amended and re-enacted as article 43 of the Revised Statutes of 1925, to provide with regard to the "rights of adopted heir" that such adoption "shall entitle any child so adopted to all the rights and privileges, both in law and equity, of a legal heir of the adoptive parent, as a child has by law against lawful parents. If the adoptive parent has at the time of such adoption or shall thereafter have, a child begotten in lawful wedlock, such adopted heir shall in no case inherit more than one-fourth of the estate of the adoptive parent." Thus the adoption statutes remained until the entire title 3, Revised Statutes of 1925, was repealed by the Acts 42d Legislature, c. 177, p. 300 (Vernon's Ann. Civ. St. art. 46a), entitled, "Adoption of Minor Children," which act fully defines the right of inheritance of such an adopted "child" or minor.

Appellants insist that, since the language, "as a child has by law against lawful parents," is peculiar to and found only in article 43, R. S. 1925, it necessarily shows the intention of the Legislature to increase the rights, privileges, and rights of inheritance of such an adopted child, and to make it a constituent member of the family of the adopting parent. In support of these contentions, cases from other jurisdictions are cited, which construe adoption statutes, declaring the status of an adopted child to be the same as that of a natural child; and which hold that the adopted and natural child have the same right of inheritance from the collateral kin of the adopting parent. These contentions cannot be sustained, and the cases cited are not in point, because the statutes relied upon by appellants do not declare the right of inheritance of an adopted and a natural child to be the same; but declare the contrary. The above-quoted language relied upon by appellants is immediately followed by a sentence which expressly limits the right of inheritance of such adopted child to "the estate of the party adopting him or her," and is further limited in case the adopter has a natural child or children to "one-fourth of the estate of the party adopting him or her." Manifestly this language limits the right of inheritance of the adopted to the property defined; that is, to "the estate of the party adopting him or her." This same language has remained continuously in all adoption statutes up to and including the recodification of 1925, and is conclusive of the question that an adopted child or person has the right of inheritance only from "the estate of the party adopting him or her."

This construction of our statutes is sustained by the general rule of construction given adoption statutes as stated in 1 C. J. 1401, § 131, and which reads as follows: "In a few states the statutes expressly provide that an adopted child may inherit from certain relatives of the adoptive parent. In the absence, however, of such special provision, an adopted child cannot inherit from the collateral kindred of its adoptive parent, nor from the ancestors of such parent, nor from his natural children."

This rule and the reasons therefor are stated in footnotes 31 to 33 of the text, as follows: "'Consanguinity is so fundamental in Statutes of Descents and Distributions that it may only be ignored by construction when courts are forced so to do, either by the terms of express statute or by inexorable implication. * * * In fact, it may be laid down as a general conclusion that while the Statute of Adoption must be read into the Statute of Dower and that of Descents and Distribution, it is with this singularity, always to be observed, viz., that the adopted child is so let in only for the purpose of preserving in full its right of inheritance from its adoptive parent; and the door to inheritance is shut and its bolt shot at that precise point.' Per Lamm, J., in Hockaday v. Lynn, 200 Mo. 456, 467, 468, 98 S. W. 585, 118 Am. St. Rep. 672, 8 L. R. A. (N. S.) 117, 9 Ann. Cas. 775. (2) In Kettell v. Baxter, 50 Misc. 428, 431, 100 N. Y. S. 529, Leventritt, J., said: 'The proceeding of adoption and the relation established is personal to the foster parent and the child. The statute gives to them all the rights to be derived from the legal relation of parent and child, including the "right of inheritance from each other." The right is not given, however, either expressly or by implication, to the child, to inherit through the foster parent from his collateral kin. In other words the child becomes heir only to the foster parent.' "

In Phillips v. McConica, 59 Ohio St. 1, 9, 51 N. E. 445, 447, 69 Am. St. Rep. 753, it was said: "The ancestors of the adopter are presumed to know their relatives by blood, and to have them in mind in the distribution of their estates, either by will, or descent, but they cannot be expected to keep informed as to adoption proceedings in the probate courts of the counties of this state; and to allow an adopted child to inherit from the ancestors of the adopter would often put property into the hands of unheard of adopted children, contrary to the wishes and expectations of such ancestors."

However, no right of inheritance existed in favor of the adopting party from the adopted until 1861, when the Legislature provided that

under the conditions named the adopting party or his heirs would inherit so much of the adopted's estate as was obtained by gift, devise, or descent from the person adopting him. Article 2572, Rev. St. 1925 (G. L. vol. 5; p. 359). This is significant as showing only a limited right of inheritance has existed as between the adopter and adopted, although the adoption statutes have been amended so as to enlarge what is often designated "rights other than as heir," to which we will now refer, since such amendments constitute the basis of the claim of appellants.

It is true that the language relied upon by appellants to the effect that "any adopted child" shall be entitled to all the rights and privileges "as a child has by law against lawful parents" did increase the rights of the child and the correlative duties of the adopting parent; but such matters were intended to relate to the domestic or family status of the parties, and to have application only in case the adopted person is a minor or "child," and where its custody, care, and support are transferred to the adopting parent. This conclusion is apparent from the fact that all adoption statutes up to and including title 3, R. S. 1925, have authorized the adoption of any person, whether child or adult, as the legal heir of the adopter, who may also adopt a child as "legal heir" without the transfer of custody, care, and support. Norton v. Stark (Tex. Civ. App.) 294 S. W. 689. Manifestly, the rights, privileges, and duties created by the adoption of and transfer of custody and support of a child have no application where the adopted person is an adult, or in case the custody of the child is not transferred. Since the purpose of the statutes was to permit the adoption of a "legal heir," whether a child or an adult person, it necessarily follows that the portions of the statutes defining the status of the parties where the adopted is a child have no bearing upon or relation to the portions of the statute defining the extent of inheritance any person, child, or adult may have as "such adopted heir." Upon this same reasoning, it is also manifest that the language to the effect that any adopted child shall have rights and privileges as a lawful child has against its parents has relation to what the authorities designate as "rights other than as heir." Chancellor v. Chancellor (Tex. Civ. App.) 23 S.W.(2d) 761, and McDonald v. Texas Employers' Insurance Association (Tex. Civ. App.) 267 S. W. 1074, which cases appellants rely upon to support the claim of inheritance asserted.

But, as above pointed out, these cases simply construe and point out that the amendments give "an adopted child" greater rights and privileges where the adopter is given the custody and care of, and is charged with the duty of supporting, such adopted child. Nor is the family status thus created dependent upon any relation of heirship amongst the constituents; and the context of the pertinent statutes justifies the conclusion that the words "child," "children," and "their descendants" do not include an "adopted heir," as held in State v. Yturria, supra, although the statutes do create other rights than as heir between the parties, and do create the relation of parent and child so as to constitute a family as contemplated by law. But the test of the family status created by the statutes "is not one of heirship, but of social dependence based upon moral or legal duty of support by the head of the family," and an adopted minor child, under the statutes invoked, "is to be considered a constituent of the family in whose actual custody he lawfully is." 1 Tex. Jur. 732; Wolfe v. Buckley, 52 Tex. 641. So it is apparent from the language of the adoption statutes under consideration and interpretations given them by the courts that the right of inheritance of an "adopted child" or person is limited to the "estate of the party adopting him or her," and, in case the adopter has a natural child or children, to "one-fourth of the estate of the party adopting him or her."

The trial court's judgment is affirmed.

Affirmed.