## ECK et al. v. ECK.

### No. 8918.

Court of Civil Appeals of Texas. Austin.

Oct. 30, 1940.

Rehearing Denied Nov. 27, 1940.

F. L. Kuykendall and Coleman Gay, both of Austin, for appellants.

Homer C. DeWolfe, of Austin, for appellee.

BLAIR, Justice.

Appellants, Leonard Eck and his sister Margaret Eck Webb, joined pro forma by her husband, Lee Webb, sued appellee, Mrs. Nora Eck, to recover an interest in certain real estate and personal property, and to partition same. A trial to the court without a jury resulted in judgment that appellants take nothing, and removing cloud from the title of appellee to the property described; hence this appeal.

Appellants predicate their claim of interest in the property involved upon their adoption by Henry S. Eck, an uncle, as

his legal heirs, on October 8, 1914. Appellants are the children of Alvin A. Eck and wife, Agnes Eck, who were in necessitous circumstances and were contemplating a divorce; and on October 8, 1914, executed an agreement with Henry S. Eck, brother of Alvin A. Eck, to adopt their children; they surrendering the custody and control of the children to Henry S. Eck. Two instruments were executed contemporaneously; one by Henry S. Eck adopting appellants as his legal heirs; and the other executed by Alvin A. and Agnes Eck transferring their parental custody and control of the children to Henry S. Eck. Both instruments complied with the Texas adoption statutes then in force as to the matters to which they related, were duly acknowledged and recorded at the time. On March 31, 1915, Alvin A. Eck and Henry S. Eck executed and acknowledged another agreement, referring to the adoption instruments, dated October 8, 1914, and to certain conduct of Agnes Eck in taking possession of Margaret Eck, in violation of the written agreement transferring her custody and control to Henry S. Eck; and released Henry S. Eck from further responsibility and obligation created by the adoption agreements, in so far as they related to Margaret Eck, now Margaret Eck Webb; and annulled the adoption agreements as to Margaret Eck, which annulment instrument was duly recorded at the time.

On August 14, 1915, Agnes Eck filed suit for divorce against Alvin A. Eck; which was granted February 15, 1916, and she was awarded the custody of appellants. On September 21, 1916, Alvin A. Eck and Henry S. Eck entered into still another written agreement, which recited that Alvin A. Eck wished to again resume the control and custody of Leonard Eck, and provided that Henry S. Eck was thereby released from all responsibility created by the adoption agreements entered into on October 8, 1914, and that the same were annulled in all respects. This instrument was not recorded until August 31, 1938. After the execution of this instrument, appellant Leonard Eck went with his father to Dallas, where he stayed for several months, but within a year returned to the home of Henry S. Eck, and continued to live with him until the death of Henry S. Eck, in 1922, performing the ordinary duties of a child and receiving such clothing and support from Henry S. Eck as an ordinary child would receive.

At the time the adoption instruments were executed, Henry S. Eck and his wife, appellee Nora Eck, had no children; but on February 13, 1917, a daughter, Alene Grace Eck, was born to them. Henry S. Eck died intestate on November 9, 1922, leaving a small community estate, and no administration was ever had on his estate. All of this property was used by the widow to support herself and minor daughter, except a vacant lot valued at $500.

On November 3, 1925, Leonard Eck, father of Henry S. and Alvin A., and the grandfather of appellants and Alene Grace Eck, died intestate, leaving a substantial estate. It was partitioned by suit May 11, 1926, the final judgment awarding Alene Grace Eck out of her grandfather's estate the title to the real and personal property involved in this suit, except some of the real estate has been sold, but as to the nature and extent of the property here involved there is no dispute; and no accounting is here sought. Appellants knew of this suit, but were not parties to it.

Alene Grace Eck, who was a minor, through her mother took possession of the property awarded her by the partition decree, and continued in possession of all of it until the death of Alene Grace Eck, on March 4, 1935. She was a minor at the time of her death and had never married, and died intestate. After her death appellee took possession of all the property and has claimed and used it as her own since that time. No administration was had on the estate of Alene Grace Eck, and none was necessary.

Under the facts relating to the adoption, which were agreed to by the parties, appellants contend that Henry S. Eck having legally adopted them by the deed or instrument of adoption dated October 8, 1914, and having recorded same, he could not thereafter revoke or annul it except by a judicial proceeding brought for that purpose and showing equitable grounds. That as such adopted heirs of Henry S. Eck they were entitled at his death to inherit a portion of his community estate; and that Alene Grace Eck, the daughter of Henry S. Eck, having died March 4, 1935, intestate and without issue and never having married, they, as the adopted heirs of Henry S. Eck, deceased, were entitled

to inherit one-half of her property under Sec. 9 of Chap. 177, Acts Reg. Ses. 42nd Leg., 1931, Vernon's Ann.Civ.St. art 46a, § 9, which provides: " * * * provided, further, that if such adopting parent or parents shall have other children, both natural children and adopted children, then, in such event, the children by birth and adoption shall respectively inherit from and through each other as if all such children had been born in lawful wedlock of the same parents; * * *."

Appellee's contentions, which were apparently sustained by the trial court's general judgment that appellants take nothing by their suit, are as follows:

1. That there was never any legal adoption of appellants by Henry S. Eck because of failure of consideration and purpose for the execution of the adoption instruments; and that if the adoption ever became effective, such relationship was terminated by the conduct of Agnes Eck, the mother of appellants, and by the execution of the release and annulment agreements by Alvin A. Eck, the father of appellants, and Henry S. Eck.

2. That if the adoption became effective, appellants would be entitled to inherit only a portion of adopter's separate property, and were not entitled to inherit any interest in the community property of Henry S. Eck and his wife, who was not a party to the adoption agreements.

3. That appellee was entitled under the provisions of Art. 3476 et seq., R.S.1925, Vernon's Ann.Civ.St. art. 3476 et seq., to have the community property sold and set aside as an allowance for the support of herself and her minor daughter, Alene Grace Eck.

4. That if appellants as such legal heirs had any interest in the community property of Henry S. Eck and appellee, the same was barred by the two, four and ten years statutes of limitation prior to the filing of this suit by them.

5. That appellants were not entitled to inherit through and from Alene Grace Eck, the minor daughter of Henry S. Eck, deceased, under the provisions of Sec. 9 of Chap. 177, Acts of the Regular Session of the 42nd Legislature, because the statute is not retroactive; and if it granted such right, then it is retroactive and in violation of Secs. 16, 17 and 19 of Art. 1 of the Texas Constitution, Vernon's Ann.St.

6. That since no notice of the provisions of Sec. 9 of Chap. 177 appeared in the caption or title to said Act, said provisions contravene Sec. 35 of Art. 3 of the Constitution and are void.

■ We are of the view that the trial court erred in holding that there was never any legal adoption of appellants, or, if so, same was terminated by the conduct and release of the parties. We hold that the status of a legal heir under the adoption statutes as they existed in 1914 was created by the adopter executing and filing for record a deed or instrument declaring such purpose, and that when such relationship was so established, it could not be annulled, especially in the case of a minor, except by judicial proceeding brought for that purpose and showing equitable grounds. We adopt as our holding the view and reasons therefor the statement of the writer of the text in 1 Tex.Jur. 742, § 33, as follows:

"The Texas statute of adoption is unique. Most of the states make the adoption a judicial or quasi-judicial function. In Texas it is in the nature of a deed which needs no judicial sanction. Where the adoption is by judicial order, decree or sanction, obviously an attack upon its finality or validity is governed by the principles applicable to judgments generally. But where as with us the adopter's deed duly filed is effective, the analogy of a deed should govern. One can attack his deed of adoption upon any of the grounds which would authorize an attack upon his general deed, such as fraud, duress, mutual mistake and the like equitable grounds. Of course, where the adopted heir is a minor these grounds might not exist or exist only in a limited way, but this does not affect the principle. The statute has given no method of review or revocation. None, therefore exists aside from the general equity powers of the courts. The instrument like a deed, becoming effective upon execution and filing, the right conferred becomes immediately vested in the beneficiary and no right of revocation remains with the adopter. He can no more destroy the legal relation of heirship, thus instituted, than he can destroy the statutory relation of heirship by blood. The decisions from other jurisdictions where adoption is a court proceeding are therefore of little or no value in Texas."

All parties hereto admit that no Texas case decides this point, and since the adoption statute in force at the time the adoption instruments in question were executed has been supplanted by a statute which makes adoption a judicial function, we think a lengthy discussion of the question unnecessary, and particularly so under our further view that the trial court's judgment must be affirmed on other grounds.

■ If the trial court sustained, which it apparently did by the general judgment that appellants take nothing, that a living adopted heir of one spouse could not inherit any interest in the community estate of the deceased adoptive parent, such holding seems to be incorrect. The contrary was held in Smith v. Carter, Tex. Civ.App., 45 S.W.2d 398, error dismissed.

Nor is it material under the final view that we take of the case whether appellee was entitled to use or have set aside to her all of the community estate of herself and Henry S. Eck for support of herself and minor daughter without an order of the probate court so directing; nor whether the claim of appellants, arising at the time of the death of Henry S. Eck in 1922, in his small community estate, was barred by the two, four and ten years' limitation statutes (Arts. 5526, 5529, 5510), although we are of the view that the facts sustain the trial court's judgment on the limitation pleas. (Contentions "3" and "4".) It may be here observed, however, that appellants based their claim of interest solely upon their asserted right to inherit through and from their adopted sister, Alene Grace Eck, under the above quoted provisions of Sec. 9 of Chap. 177, Acts 1931; and we are clear in the view that the trial court correctly sustained appellee's contentions "5" and "6" with respect to such claim of interest, which conclusion is determinative of the case.

It is clear that since Sec. 9 was enacted more than five years after the death of Alene Grace Eck, and for the same period of time after her title had vested in appellee, her mother, the statutes could not have retroactive effect to divest appellee of title. If the statutes did so provide, it would contravene the fundamental law of this state, inhibiting retroactive legislation. It is true that a child adopted under the provisions of a statute giving it no right of inheritance through or from the natural child of the adoptive parent is entitled to the benefit of a statute enacted subsequently to the adoption, but prior to the death of the natural child, conferring such right, although presumptive heirs are thereby deprived of their prospective inheritance. But manifestly such a statute cannot operate to divest an estate already vested. This is true although the subsequent statute changing the right of inheritance of the adopted child is retrospective in its scope and purpose. Stated another way, the right of an adopted child to inherit through relatives of the adoptive parents under a statute enacted after the death of the adoptive parent, but prior to the death of the person from whom inheritance is claimed, is determined by the law in force at the time of the death of the person from whom inheritance is claimed. And a statute passed after the death of the person from whom inheritance is claimed cannot affect previously vested rights, although it was intended to be retrospective. No Texas case has passed on this question, but all decisions from other jurisdictions which we have found sustain the rule stated. Ballard v. Ward, 89 Pa. 358; Brooks B. & T. Co. v. Rorabacker, 118 Conn. 202, 171 A. 655; Karen Sorenson v. Rasmussen, 114 Minn. 324, 131 N.W. 325, 35 L.R.A.,N.S., 216; 2 C.J.S., Adoption of Children, § 63, p. 454; 1 Am.Jur. 659. This rule clearly applies to the facts of the instant case where both the adoptive parent and the person from whom inheritance was claimed died prior to the enactment of the statute in question, and after title had vested in appellee to the property involved.

■ We are also of the view that the provisions of Sec. 9 of Chap. 177, Acts 1931, are void because no notice of said provisions was contained in the caption to the Act; and therefore in contravention of Sec. 35 of Art. 3 of the Texas Constitution, which provides: "No bill * * * shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The Act of 1931 repealed all adoption laws then in effect and substituted itself as a complete method of adoption entirely different from the repealed law. Its caption read: "An Act providing for the

adoption of minors, establishing legal relations between the children and adopted parents and repealing Title 3 of the Revised Civil Statutes of the State of Texas, Revision of 1925; and declaring an emergency."

The main purpose of the Act was to provide a new and complete method of adoption by court proceeding, and as stated in the caption "establishing legal relations between the children and adopted parents." No language is contained in the caption which would in any way indicate that the legislature intended to establish any right or relationship between the adopted child and the children of natural birth. The provisions of Sec. 9 were not contained in the body of the original Act or bill, but were incorporated as an amendment from the floor of the Senate. Under all prior adoption statutes, the adopted child could not inherit from the collateral or lineal kindred of the adoptive parent. Harle v. Harle, 109 Tex. 214, 204 S.W. 317, 15 A.L.R. 1261; State v. Yturria, 109 Tex. 220, 204 S.W. 315, L.R.A.1918F, 1079; Fletcher v. Persall, Tex.Civ.App., 75 S.W.2d 170, writ refused. The caption was not changed to meet the new matter contained in the amendment, and by reading the caption no one could possibly be informed that a new status or relationship was being created by the Act as between the adopted and natural children of the adoptive parent.

 The purpose of Sec. 35 of Art. 3 of the Texas Constitution is to require that the bill shall advise both the legislature and the people of the nature of each particular bill; such purpose being stated in Consolidated Underwriters v. Kirby Lbr. Co., Tex.Com.App., 267 S.W. 703, 705, as follows: " * * * To advise the Legislature and the people of the nature of each particular bill, so as to prevent the insertion of obnoxious · clauses which otherwise might be ingrafted on it and become the law, and to obviate legislation through the combination, upon a composite bill, of the votes of the proponents of different measures included in it, some of which would not pass upon their merits if separately considered."

We think that by clear analogy on fact and principle our conclusion that the caption in question is defective is sustained by the decision in Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799; and Rodgers v. Tobias, Tex.Civ.App., 225 S.W. 804, writ refused.

The judgment of the trial court is affirmed.

Affirmed.

#### On Motion for Rehearing.

Attention is called to the fact that Alene Grace Eck did not die prior to the Act of 1931, Vernon's Ann.Civ.St. Art. 46a, as stated in our original opinion, and in consequence the first ground for affirmance of the trial court's judgment cannot be sustained. The matter is immaterial, however, under our holding that the portion of the 1931 Act authorizing adopted children to inherit from the natural children of the adoptive parent is void, because no notice of that provision was contained in the caption of the 1931 Act.

The motion for rehearing is overruled.

Overruled.