AMOS et al v. AMOS.

No. 13955.

Court of Civil Appeals of Texas. Dallas.

Jan. 28, 1949.

Rehearing Denied Feb. 25, 1949.

Ernest Guinn, of El Paso, for appellants.

Gullett & Gullett, of Denison, for appellee.

BOND, Chief Justice.

This appeal is from a judgment of a district court of Grayson County, Texas, construing and applying the joint and mutual will of Mrs. S. L. Amos and E. B. Amos as to vesting of title to a contingent remainder of the devised estate. The will was executed in 1918. The property involved was purchased by E. B. Amos in June 1905, before his marriage to Mrs. S. L. Amos in August 1905. All parties agree that E. B. Amos is the common source of title.

The pertinent provisions of the will read: "Item 1. It is our will and desire and the will and desire of each of us, that the survivor of us shall at the death of the other, become the owner in fee simple of any and all property real or personal, money, life insurance, and any and all other property or effects of which we or either of us may die possessed or in which we or either of us may have any interest at the time of the death of the first to die. And the fee simple title is by this instrument fully vested in such survivor. Item 2. It is our special will and desire and the will and desire of each of us that whatever, property, real, personal, or mixed, of any, and every description which shall or may still remain in the hands of the survivor of us or in which such survivor of us may have an interest at the time of the death of such survivor, shall go to Everett Amos, and the title to any such property shall be and is hereby vested in the said Everett Amos in fee simple. But this bequest shall in no wise interfere with the provisions in Item Number 1, of this our last will and testament."

Mrs. S. L. Amos died in June, 1938 and in due time the will, upon application of her husband E. B. Amos, was probated. E. B. Amos qualified as executor under the terms of the will and thereafter fully enjoyed its provisions until his death in 1946. In the meantime, in July 1939, about two years after the death of Mrs. S. L. Amos, Everett Amos, son of E. B. Amos by a former marriage (the person mentioned in Item 2 of the will), died intestate leaving surviving him the appellants (his wife, Bertha Amos, and Betty Jean Amos, a regularly adopted child). In May 1942, E. B. Amos married appellee Mary Amos who survived him, and subsequently executed another will in which he gave to his wife Mary Amos the real estate involved in this suit, being a part of the estate remaining in his hands from the estate devised in the will; and he gave to a nephew James D. Amos some designated personal property, and to his daughter-in-law Mrs. Bertha Amos all other personal property owned by him at the time of his death not involved in this suit. This individual will of E. B. Amos, upon application of Mrs. Bertha Amos, was probated and Bertha Amos was duly appointed and qualified as independent executrix, which appointment she accepted and filed inventory of the estate showing that the property involved in this suit was the separate property of E. B. Amos.

In 1947 Mrs. Mary Amos instituted this suit against Mrs. Bertha Amos and the minor Betty Jean Amos in form of trespass to try title and to remove cloud from title to the real estate devised to her by the individual will of E. B. Amos, deceased. Subsequently, Mrs. Bertha Amos filed answer disclaiming all interest in the property and asked to be discharged on her answer and recover her costs; and, as next friend for the minor Betty Jean Amos, she filed answer claiming for the minor an indefeasible inheritance in the real estate involved in the suit, she (Betty Jean Amos) being the legally adopted child of Everett Amos who, under the joint and mutual will of Mrs. S. L. Amos and E. B. Amos, was devised a vested fee simple title to all the estate designated therein which shall remain on hand at the time of the death of E. B. Amos; and that the land in suit was a remainder, hence Betty Jean, being the only surviving child of Everett Amos, acquired the residue title and possession of the land as against Mary Amos, the devisee under the subsequent individual will of E. B. Amos. Pending trial, the minor Betty Jean Amos married John T. Bowen and thereafter they made themselves parties defendant in the suit and adopted the pleadings theretofore filed in behalf of said minor by her next friend.

Trial was had to the court upon stipulation of the facts as above related; accordingly the court entered judgment in favor

904

of the plaintiff Mary Amos for the title and possession of the land in controversy, and all clouds in the title by reason of the claims of the defendants were removed.

The controversy in suit necessarily hinged on the joint and mutual will of Mrs. S. L. Amos and E. B. Amos as to when title vested in Everett Amos. If, at the time of his death, Everett Amos had a present vested indefeasible interest in the land perforce of the will of Mr. and Mrs. Amos, and that interest survived him, then such vested interest would, on the death of E. B. Amos, pass to the heirs of Everett Amos under the law of descent and distribution; but, if the will or devise to Everett Amos lapsed at his death, the estate that would have passed to him on the death of E. B. Amos, passed to the heirs on devisee of E. B. Amos.

We think the will of Mrs. S. L. Amos and E. B. Amos is unambiguous. By the terms of Item 1, the survivor of the two acquired a fee simple title in and to any and all of the property, real or personal, of which they or either of them may possess; and Item 2 vests in Everett Amos a fee in all of the estate which shall remain in the hands of the survivor of the two at the time of such survivor's death. It will be seen that the devise to Everett Amos was personal to him, contingent only on the death of the survivor not having exercised the right to dispose of the property in such manner as she or he, the survivor, shall see fit; and especially does it provide, following the bequest to Everett Amos, that the bequest to him "shall in no wise interfere with the provisions of Item number 1" (Item 1 of the will). Item 1 devised an absolute fee simple title to E. B. Amos, limited only on the happening of the contingency provided therein. It will be seen that the will has no residuary clause as to the happening of the death of Everett Amos; hence on the death of Everett Amos the gift over to him had lapsed, or, in other words, not vested, as to pass title to his heirs at the time of the death of E. B. Amos.

Appellant contends that under the terms of art. 8295 R.S., the adopted child, Betty Jean Amos, occupies in law the position of a child; thus inherited the devise or bequest to her adopted father. We deem it unnecessary to determine the rights of an adopted child as heir to the adoptive parent. The article has no application where, as here, the devisee under a will dies before the happening of the contingency. The bequest to Everett Amos did not survive his death as to vest in his child or children the interest specially devised to him and, in effect, directed to take effect at the death of E. B. Amos. Leatherwood v. Stephens, Tex.Com.App., 24 S.W. 2d 819; Bomar v. Carstairs, 124 Tex. 492, 79 S.W.2d 841; Joyner v. Christian, 131 Tex. 274, 113 S.W.2d 1229; Page on Wills, Vol. 4, sec. 1414. While there is a presumption that a testator intends to dispose of all his interest and not to die intestate or any of his property bequests lapse, such presumption, however strong it may be, will not authorize the making of a new will by the court or the inclusion of other provisions that cannot be brought within the terms of the will made by the testator. Thus there being no intention expressed in the will of Mr. and Mrs. Amos to prevent intestacy or lapse of the contingent remainder of the bequest to Everett Amos, and his death before the taking effect of the devise to him, appellant Mary Amos acquired title to the real estate in suit perforce of the individual will of E. B. Amos.

Judgment of the court below is affirmed.

On Rehearing.

Rehearing denied.

CRAMER, Justice (concurring).

I concur in the affirmance of the judgment of the trial court. The adopted child of Everett Amos was not such a child or descendant as to bring him within the terms of Art. 8295, R.C.S.1925 at the time of the death of Mrs. S. L. Amos. Fletcher v. Persall, Civ.App., 75 S.W.2d 170 (error refused); Harle v. Harle, 109 Tex. 214, 204 S.W. 317, 15 A.L.R. 1261. Under the adoption statute in force at the times involved herein, the meaning of the word "child" or "descendant" did not go further than the relationship between the adopter and the adopted child.

The motion for rehearing should therefore be overruled.